No. 84-538

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

STATE OF MONTANA,

Plaintiff and Appellant,

-vs-

DELBERT JENSEN,

Defendant and Respondent.

APPEAL FROM:  District Court of the Twelfth Judicial District,
In and for the County of Hill,
The Honorable Chan Ettien, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Hon. Mike Greely, Attorney General, Helena, Montana
James Scheier argued, Asst. Atty. General, Helena
Ronald W. Smith, County Attorney, Havre, Montana
Edward Corrigan, Deputy County Attorney, Havre

For Respondent:

Law Offices of Frank Altman; Ivan Evilsizer argued,
Havre, Montana

Submitted:  May 23, 1985

Decided:  August 5, 1985

Filed:  AUG 6 - 1985

*Ethel M. Harrison*

Clerk

Mr. Justice Fred J. Weber delivered the opinion of the Court.

The State appeals from a pre-trial order suppressing evidence seized in a search of Delbert Jensen's home by law enforcement officers with a search warrant. The District Court determined that the Justice of the Peace issued the warrant without probable cause. We find that the application contained sufficient probable cause to support the issuance of the search warrant. We reverse the order of the District Court.

The issues on appeal are:

1. Was the search warrant based upon probable cause?

2. If not, should the illegally seized evidence be admissible under the "good faith exception" to the exclusionary rule?

On April 24, 1984, Hill County Deputy Sheriff Mark Stolen applied to Justice of the Peace Edward G. Vesecka, Jr., for a search warrant for a trailer at 936 2nd Street North, Havre, Montana. Deputy Stolen's affidavit in support of the application set forth the following:

"On April 17, 1984, Dorothy Cochran, of 2865 7th Street East, Havre, Montana, reported to the Hill County Sheriff's Department the theft of a yellow, McCullough chain saw, a Winchester 30-30 caliber lever action rifle, a Marlin 30-30 caliber lever action rifle, a H & R 10 gauge single shot shotgun and tan canvas bag, and a Marlin .22 caliber rifle.

"On April 18, 1984, an individual volunteered to Ms. Cochran that he had been involved in the theft of her guns and property. He also informed her that some of the items had been pawned, while her guns had been traded for drugs. Subsequently, Ms. Cochran discovered at the R-New Pawn Shop, Havre, Montana, the chain saw she had previously reported stolen as well as other items of personal property.

"On April 20, 1984, Ms. Cochran's informer returned to her one of the rifles he had stolen and ex-changed for drugs. He also told her the exchange had taken place at a white trailer, 936 2nd Street North, Havre, Montana. At that location, Ms. Cochran confronted an individual named Ben and was given her stolen 30-30 Winchester rifle. Ms. Cochran's .22 caliber rifle and Merlin [sic] 30-30 caliber rifle have not yet been recovered.

"Ms. Cochran also learned from her informant that her shotgun had been traded for $40.00 worth of

2

Columbian marijuana. Ms. Cochran has also been told by an individual named Sonny, who stays with Virginia Bernardi, that he had traded at the trailer at 936 2nd Street North, Havre, Montana, a 30-30 rifle for $105.00 worth of marijuana.

"On April 10, 1984, Ron Crocker, 926 2nd Street North, Havre, Montana, complained to the Hill County Sheriff's Department that he believed Delbert Jensen, Ben Morris, and Penny Genger, residents of a trailer on 2nd Street North, Havre, Montana, east of his home, were selling drugs. In the last week of March, 1984, Mr. Crocker had witnessed an exchange at that location of money and what he believed to be marijuana. Mr. Crocker also heard, on another occasion, one 13 or 14 year old boy say to another who had gone to Delbert Jensen's trailer, 'did you get the stuff?' Mr. Crocker also complained that a large amount of traffic had been stopping, on a daily basis, at Delbert Jensen's trailer; that a vehicle's motor often would be left running while an occupant went into the trailer for a short time and then left.

"On April 21, 1984, a concerned citizen also complained about heavy traffic on 2nd Street North, Havre, Montana; that her cat had almost been hit by a car driven by an individual described to her by neighborhood kids as a 'dope dealer.' Neighborhood kids also told her this 'dope dealer' bought his drugs from people on 2nd Street North.

"I, Mark Stolen, have been a law enforcement officer for 12 years. It has been my experience that the events and unusual traffic described by Ron Crocker and 'concerned citizens' are indicative of transactions in dangerous drugs. I have known Ms. Cochran for several years and believe her statements are trustworthy and valuable. It has also been my experience that statements of concerned citizens, personally uninvolved, are reliable and important leads to follow."

Based upon Deputy Stolen's application and supporting affidavit, the Justice of the Peace issued a search warrant for defendant's trailer. No other sworn testimony or evidence was presented to the Justice of the Peace prior to issuance of the warrant.

On April 27, 1984, Hill County Deputy Sheriffs, Havre City Police and officials from the State Department of Fish, Wildlife and Parks searched defendant's residence. They seized more than 60 grams of marijuana, drug paraphernalia, cocaine and a rifle. Defendant Jensen was arrested and charged with theft, criminal sale of dangerous drugs (marijuana), criminal possession of dangerous drugs (marijuana),

3

criminal possession of paraphernalia, and criminal possession of dangerous drugs (cocaine). He pled not guilty to each count.

Defense counsel filed a motion to suppress all of the evidence seized during the search based upon lack of sufficient facts in the application to show probable cause for issuance of the warrant. Following a hearing on the motion and relying solely on the information contained within the four corners of the application, the District Court found a lack of probable cause and granted defendant's motion. The State appeals.

To determine whether there was probable cause to issue the search warrant, we must look only at the information contained in the four corners of the application. State v. Isom (1982), 196 Mont. 330, 641 P.2d 417. The test for determining whether an informant's tip establishes probable cause for issuance of a search warrant is the "totality of the circumstances" test set forth in Illinois v. Gates (1983), 462 U.S. 213, 238-39:

> "[W]e conclude that it is wiser to abandon the 'two-pronged test' established by our decisions in Aguilar and Spinelli. In its place we reaffirm the totality-of-the-circumstances analysis that traditionally has informed probable-cause determinations. The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." (citations omitted)

This "totality-of-the-circumstances" analysis was adopted in Montana in 1983. State v. Kelly (Mont. 1983), 668 P.2d 1032, 1045, 40 St.Rep. 1400, 1413.

The issuing magistrate must only determine that there is a probability, not a prima facie showing of criminal activity. State v. O'Neill (Mont. 1984), 679 P.2d 760, 764, 41

St.Rep. 420, 423. The duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause to issue a search warrant existed. State v. Erler (Mont. 1983), 672 P.2d 624, 627, 40 St.Rep. 1915, 1918.

We find that the information contained in Deputy Stolen's affidavit provides a substantial basis for concluding that there was probable cause to issue the search warrant.

The affidavit described the place where stolen property had been exchanged for drugs and the kind of drugs involved in the exchange. The affidavit further states that: "At that location, Ms. Cochran confronted an individual named Ben and was given her stolen 30-30 Winchester rifle." Retrieval of the stolen rifle by the citizen-informant is strong corroboration of her reliability. Ms. Cochran's reliability is further buttressed by Deputy Stolen's statement that he had known her "for several years and believe[d] her statements are trustworthy and valuable."

The affidavit further describes information given by two other citizen-informants who complained that residents of the trailer were selling drugs and that, as a result, there was heavy, daily traffic on their street. Informant Crocker complained that he had witnessed an exchange of money for what he believed to be marijuana at the trailer and, on another occasion, he had overheard a boy ask a companion returning from the trailer, "Did you get the stuff?" This information corroborates Ms. Cochran's tip that stolen property had been exchanged for marijuana at the trailer.

Mr. Crocker also complained about the large amount of traffic stopping daily at the trailer, often with motors left running. Crocker's information regarding the unusually large amount of traffic at the trailer was corroborated by another citizen-informant's complaint that there was heavy traffic

5

and her cat was almost hit by a car driven by an individual whom neighborhood children described as a "dope dealer." Deputy Stolen's affidavit also states that he had been a law enforcement officer for twelve years and that, in his experience, the events and unusual traffic described by these concerned citizens are indicative of transactions in dangerous drugs.

In Montana, the citizen-informant is accepted as reliable. Kelly, 668 P.2d at 1043, 40 St.Rep. at 1411, citing State v. Leistiko (1978), 176 Mont. 434, 578 P.2d 1161. Crime victim Dorothy Cochran was the primary citizen-informant. Deputy Stolen had known her for several years and believed her to be trustworthy. The other citizen-informants witnessed activities that corroborated Ms. Cochran's information.

Additional hearsay information in the affidavit came from tipsters who made admissions against their own penal interests. This Court has upheld the issuance of search warrants where an informant has seen or participated in criminal activity or even in some innocent activity that, given all the circumstances, supports the probability of criminal activity. See State v. O'Neill (Mont. 1984), 679 P.2d 760, 41 St.Rep. 420; State v. Kelly (Mont. 1983), 668 P.2d 1032, 40 St.Rep. 1400. Reliable hearsay information may be considered to establish probable cause. Kelly, 668 P.2d at 1043, 40 St.Rep. at 1411. Reliability may be deduced from corroborative evidence or surrounding facts that possess an internal coherence that gives weight to the whole and supports the probability that evidence of a crime will be found in a particular place. Massachusetts v. Upton (1984), _____ U.S. _____, 104 S.Ct. 2085, 2088.

We find that the application contains an adequate basis for concluding there was a fair probability that evidence of a crime would be found at the Jensen trailer. We hold that

6

the issuance of the search warrant was supported by probable cause.

Having found the warrant to be valid, it is unnecessary to discuss the second issue raised by the State regarding the "good faith exception" to the exclusionary rule. The order of the District Court is reversed, and this cause is remanded for trial.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

7