No. 86-018

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

STATE OF MONTANA,

       Plaintiff and Respondent,

-vs-

MATT WILLIAM CRAIN,

       Defendant and Appellant.

_____

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Honorable Mike Greely, Attorney General, Helena Montana;
Kathy Seeley, Assistant Attorney General, Helena Montana

    For Respondent:

        Skedd, Ashely, McCabe, Weingartner and Graveley;
J. Mayo Ashley, Helena, Montana

_____

          Submitted:  June 12, 1986

            Decided:  September 9, 1986

Filed:  SEP 9 - 1986

_____
            Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the conviction on one count of possession of dangerous drugs with intent to sell, and one count of possession of dangerous drugs. The case was tried to a jury in the Thirteenth Judicial District in and for the County of Yellowstone, Montana. Defendant was sentenced to twenty years in the State Prison at Deer Lodge on the first count and five years in the State Prison on the second count, with the sentences to run concurrently. We affirm.

A search warrant was issued for the purpose of searching the motel room of defendant, Matt William Crain. During the search, cocaine, marijuana, drug paraphernalia, cash, and records were seized. Crain later moved to suppress all the evidence seized, contending the application failed to set forth sufficient facts to establish probable cause for issuance of a search warrant. In essence he argues application of the "totality of the circumstances" test in Illinois v. Gates (1983), 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 637, should not be applied to determine probable cause to issue a search warrant, and in this case neither the Gates test nor the two-pronged Aguilar-Spinelli test was met. See Aguilar v. Texas (1964), 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 and Spinelli v. United States (1969), 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637.

We use this opportunity to dispel any doubt Crain may have as to our position with regard to the use of the Gates "totality of the circumstances" test in determining sufficiency of the evidence to issue a search warrant. See State v. O'Neill (Mont. 1984), 679 P.2d 760, 764, 41 St.Rep. 420, 424; State v. Hendrickson (Mont. 1985), 701 P.2d 1368,

2

1371, 42 St.Rep. 981, 983; State v. Jensen (Mont. 1985), 704 P.2d 45, 47, 42 St.Rep. 1191, 1194. In Hendrickson, supra, we said: "[i]t completely replaces the more stringent, two-pronged Aguilar-Spinelli test."

We find no reason to abandon use of the Gates test for the more stringent Aguilar-Spinelli test. Probability of criminal activity, not a prima facie showing of criminal activity, is all that is necessary for a magistrate to issue a search warrant. State v. O'Neill, supra, 679 P.2d at 764, 41 St.Rep. at 423; State v. Jensen, supra, 704 P.2d at 47, 42 St.Rep. at 1194.

Because evidence sufficient to establish probable cause for issuance of a search warrant is significantly less than evidence required to support a conviction, the issuing magistrate should be free to use his common sense to evaluate the information in the affidavit in determining whether probable cause exists to issue a warrant. Aguilar-Spinnelli forces the magistrates to engage in a "technical dissection of informant's tips, [causing undue attention to be] focused on isolated issues that cannot sensibly be divorced from the other facts presented to the magistrate." Gates, supra, 462 U.S. at 234, 103 S.Ct. at 2330, 76 L.Ed.2d at 545-546. Gates allows balancing.

The probable cause requirement for the issue of a search warrant is found in the Fourth Amendment to the United States Constitution: ". . . no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and person or things to be seized." Art. II, Section 11 of the Montana State Constitution says: ". . . No warrant to search any place, or seize any person or thing shall issue without

3

describing the place to be searched or the person or thing to be seized, or without probable cause, supported by oath or affirmation reduced to writing." When a search warrant has been issued, the determination of probable cause must be made solely from the information given to the impartial magistrate and from the four corners of the application. State v. O'Neill, supra, 679 P.2d at 764, 41 St.Rep. at 423; State v. Isom (1982), 196 Mont. 330, 342, 641 P.2d 417, 423; Thomson v. Onstad (1979), 182 Mont. 119, 122, 594 P.2d 1137, 1139.

In the instant case the following facts were considered by the magistrate. A concerned citizen who wished to remain anonymous placed a unsolicited telephone call to the Yellowstone County Sheriff's Department with information pertaining to the distribution of dangerous drugs within the county near Billings. Probable cause to issue a search warrant may be based on the tip of a confidential informant. State v. Paschke (1974), 165 Mont. 231, 234, 527 P.2d 569, 571. His information was not being provided for revenge or retaliation, but because he was concerned about distribution of dangerous drugs. Information which is motivated by good citizenship is accepted as reliable. State v. Sharp (Mont. 1985), 702 P.2d 959, 962; State v. Kelly (Mont. 1983), 668 P.2d 1032, 1043, 40 St.Rep 1400, 1411. He agreed to meet with law enforcement officials at his home, so his identity was known to them.

Investigating officers were able to corroborate much of his information by verifying the name, address, and vehicle of the person named as being involved in drug dealing. The informant also provided essentially correct information as to future actions of a third party. For example, an unknown person from Texas was to transport narcotics from Texas to

4

Billings and make contact with a person in Billings. The Texas connection would stay in a Billings motel. Although this information alone might not establish probable cause for issuance of a warrant, under the totality of the circumstances test, it does.

Additionally, much of the information in the application was gathered solely by the investigators. By checking with motel personnel they were able to determine the person registered was not the person to whom the car was registered; he listed the car as an Oldsmobile when it was a Cadillac, and listed himself as a representative of a fictitious business firm in Colorado. He refused maid service and made numerous long distance telephone calls. He made connection with a person the informant said existed. He never left the room for any length of time and on at least two occasions when he did leave the room, his Billings contact stayed in the room.

While many of the individual details listed in the application also might be consistent with innocent behavior, when all of the information contained in the application is considered in its totality, these details are indicative of individuals involved in illegal drug transactions. A citizen informant's tip, meeting with contacts, registration in a motel under a fictitious name, listing a non-existent employer and a non-existent vehicle, and failure to leave the room, indicate there was contraband in the room. Consequently, these non-criminal acts could well form part of the basis upon which probable cause is based. Gates, supra, 462 U.S. at 243, n.13, 103 S.Ct. at 2335, n.13, 76 L.Ed.2d at 552, n.13.

5

There is sufficient information in the application for a magistrate to determine there was a probability drugs and drug records would be found in Crain's room. That is all that need be shown to establish probable cause. State v. McKenzie (1978), 177 Mont. 280, 581 P.2d 1205. We affirm the District Court's decision not to exclude the evidence, and affirm the conviction.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6