No. 88-307

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

STATE OF MONTANA,

        Plaintiff and Appellant,

-vs-

EDWARD SUNDBERG,

        Defendant and Respondent.

APPEAL FROM:  District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Leif B. Erickson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hon. Mike Greely, Attorney General, Helena, Montana
Clay R. Smith, Asst. Attorney General, Helena
Ted Lympus, County Attorney; Ed Corrigan, Deputy,
Kalispell, Montana

    For Respondent:

        Gary G. Doran, Kalispell, Montana

Submitted on Briefs:  Oct. 13, 1988

Decided:  December 8, 1988

Filed:



_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

The Attorney General of the State of Montana appeals from an order of the District Court, Eleventh Judicial District, Flathead County, suppressing evidence seized from respondent's residence pursuant to a search warrant issued December 14, 1987. The question presented to this Court is whether probable cause existed for issuance of the search warrant under the totality of the circumstances, and whether the subsequent suppression of the evidence was appropriate. We reverse.

Although the informant in this case now recants the information given to a Flathead County Sheriff's Dectective, the facts from the record indicate the following: On December 14, 1987, Sergeant Rick Hawk of the Flathead County Sheriff's Office applied for issuance of a search warrant from the Flathead County Justice Court. The application stated that on December 11, 1987, Hawk interviewed a confidential informant who had advised him that Ed Sundberg of Whitefish and another man in Columbia Falls were both growing marijuana in their respective residences. The informant stated that he knew this because he had been in both residences within the past ten days and had observed growing marijuana. The informant then described each marijuana grower as to height, weight, age and hair color. In addition, informant described the make and year of Sundberg's car, his place of employment, the name and maiden name of his ex-wife; and told Sergeant Hawk that Sundberg lived with his ex-wife's grandmother in her parents' house in Whitefish. Informant revealed that Sundberg grew marijuana in the attic which could be reached by a trap door in his bedroom. This informant stated that he did not know the addresses of the suspects' homes; but, accompanied by

Sergeant Hawk and Dectective Glen Fulton, he went to the homes. Parked at the home of the unnamed suspect was a 1987 black Nissan pickup with a Montana license registered to Ed Sundberg.

Sergeant Hawk corroborated informant's information through public records. The information was all correct and verified. Hawk's inquiry revealed that one suspect was born in Detroit, Michigan on June 1, 1945; and that he had a criminal record including drug offenses which started in 1969. The latest offense was sale of dangerous drugs in Flathead County in 1981. That charge was reduced to Possession of Dangerous Drugs, a felony, for which he was placed on probation for two years. He listed his employment with the Probation Department as the Burlington Northern Railroad. To corroborate this information Sergeant Hawk obtained public records which showed that Ed and Denise Sundberg lived at the address in Whitefish that informant had taken the officers to and that the Sundbergs did not own the home. It further revealed that Ed Sundberg and the other suspect, whom informant had named, were arrested together in Regina, Saskatchewan, Canada in 1977 for operating a gaming house.

The informant is a self-admitted marijuana user. This declaration against interest is significant to the probable cause issue and will be discussed later.

The above facts plus corroborated facts about the other suspect were all included in the search warrant application. The record does not indicate any additional facts presented to the Justice Court in connection with the issuance of the search warrant. A justice of the peace found the affidavit sufficient to show probable cause and issued the warrant on December 14, 1987.

- 3 -

A search of Sundberg's residence resulted in the seizure of nineteen 14-inch marijuana plants and materials used to cultivate marijuana. The bedroom described in the other suspect's home was empty.

Informant's identity became known to Sundberg, and informant was subpoenaed to give testimony in the presence of Sundberg. Informant then denied giving the incriminating information to Sergeant Hawk.

Sundberg made a motion to suppress the evidence seized on the grounds that first, the application supporting the search warrant contains untrue statements; and, second, that the application fails to show probable cause to support the issuance of a search warrant. The District Court found that the second argument, insufficient probable cause, provided an adequate basis to suppress the evidence and did not proceed any further with defendant's argument. Therefore, the sole issue before this Court is whether the District Court erred in suppressing the evidence for lack of probable cause.

The Fourth Amendment states:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

In Mapp v. Ohio (1961), 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, the United States Supreme Court created the exclusionary rule as a mechanism to deter police violations of Fourth Amendment search and seizure provisions while Ker v. California (1963), 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726, applied the restrictive Fourth Amendment standards for searches by federal agents to the states. This rule

prohibits the presentation in court of evidence which has been seized by law enforcement officers in violation of the Fourth Amendment.

In the case at bar Sergeant Hawk took reasonable precautions and made serious effort to comply with Fourth Amendment requirements when he corroborated the information given him voluntarily by the confidential informant.

To determine whether there was probable cause to issue the search warrant we must look only at information contained in the four corners of the application. State v. Jensen (Mont. 1985), 704 P.2d 45, 42 St.Rep. 1191; State v. Isom (1982), 196 Mont. 330, 641 P.2d 417. In Jensen, this Court decreed that the test for determining probable cause for issuance of a search warrant is the "totality of the circumstances" test set forth in Illinois v. Gates (1983), 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527.

Probable cause to justify search warrants is a sufficient showing that incriminating items, namely items reasonably believed to be connected with criminal behavior, are located on the property to which entry is sought. It does not require that the occupant be guilty of any offense and need only be supported by probable cause to believe that the items sought will be found in the place to be searched and that these are seizable by being adequately connected with criminal behavior. Zurcher v. Standford Daily (1978), 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525. Probable cause, defining the point at which the individual's interest in privacy must yield to the governmental interest in investigating criminal behavior by searching for incriminating items, is a practical, nontechnical concept of criminal procedure, in effect amounting to the best compromise that has been found for accommodating often opposing interests, on the one hand the interest of the

citizen to be protected from unreasonable intrusions on his privacy and security, and on the other the interest of the community to be adequately protected by efficient law enforcement. Brinegar v. United States (1949), 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879. "Requiring more would unduly hamper law enforcement. To allow less would be to leave law-abiding citizens at the mercy of the officers' whim or caprice." See Brinegar, at 176. ". . . '[P]robable cause' means less than evidence which would justify condemnation. . ." Locke v. United (1813), 7 Cranch 339, 347, 3 L.Ed 338, 347. "Probable cause" is not a prima facie showing of criminal activity, but only its probability. Spinelli v. United States (1969), 393 U.S. 410, 419, 89 S.Ct. 584, 21 L.Ed.2d 237. Considerably less evidence is required for the issuance of an arrest or search warrant than for conviction; and legally unimpeachable findings of probable cause can rest upon evidence, for instance hearsay, which is not legally admissible at the criminal trial itself. United States v. Ventresca (1965), 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684; Aguilar v. Texas (1964), 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; Jones v. United States (1960), 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697.

The Supreme Court has never required either (in the case of arrest) that guilt should be more probable than not or (in the case of search and seizure) that it should be more probable than not that the seizable items will be found where they are thought to be. The Court summed up its attitude in Brinegar, supra: "In dealing with probable cause . . . we deal with probabilities. These are not technical; they are factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. . ." 338 U.S. at 175.

Prior to Gates, courts, including the Montana Supreme Court, used the two-pronged Aguilar-Spinelli test. This test looked at the basis of knowledge and the veracity of the informant. Montana has adopted the less stringent "totality of the circumstances" Gates test. State v. O'Neill (1984), 208 Mont. 386, 679 P.2d 760. It replaces the two-pronged Aguilar-Spinelli test. State v. Hendrickson (Mont. 1985), 701 P.2d 1368, 42 St.Rep. 981.

In applying the Gates test we hold that the information contained in Sergeant Hawk's affidavit satisfies the probable cause test set forth in Gates. The affidavit particularly stated the place where the contraband could be found, the kind of drugs involved, an accurate description of the defendant, his marital status, his ex-wife's name and maiden name, an accurate description of the defendant's car, an accurate description of the wattage of the cultivation lights used to grow the marijuana, and an admission against informant's interest. Admissions against interest are sufficient to establish probable cause, even though related through a hearsay source. State v. Paschke, (1974), 165 Mont. 231, 527 P.2d 569; United States v. Harris (1971), 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723.

Accordingly, this affidavit was sufficient not only under the totality of the circumstances test, but also because the informant admitted his marijuana use. This was an admission against penal interest by reason of the fact that § 45-9-102, MCA, makes it a criminal offense to possess marijuana. In Harris, supra, the warrant's affiant recited extrajudicial statements of a declarant who feared for his life and safety if his identity were revealed. These statements were against the informant's penal interest. The Supreme Court said, "Common sense in the important daily affairs of life would induce a prudent and disinterested

- 7 -

observer to credit these statements. People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions. Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility--sufficient at least to support a finding of probable cause to search. That the informant may be paid or promised a "break" does not eliminate the residual risk and oppobrium of having committed criminal conduct . . ." Harris, 403 U.S. at 583, 584.

Respondent further argues that the "totality of the circumstances" test coupled with the Aguilar-Spinelli test was correctly applied by the District Court. The record shows that the District Court based its decision on a belief that the informant's information was hearsay information. The informant stated that he had been in the Sundberg home within the last ten days and had seen the marijuana growing. We do not agree that this constitutes hearsay evidence. It is first-hand evidence. Nor do we agree that Sergeant Hawk had no reason to trust the veracity of this informant. An informant in custody, who makes a voluntary admission against interest is in an excellent position to give law enforcement officers the information needed to discover covert criminal activity. The average citizen seldom has occasion to observe criminal activity such as drug use or marijuana growing. A criminal or imprisoned informer often has this kind of information and is therefore believable because he may associate with criminals himself. And yet, the criminal informant is not considered as reliable and believable as a citizen informant. The reliability of a marijuana user to know where marijuana is grown is of great probability.

Based on the above analysis, the "totality of the circumstances" from the face of Sergeant Hawk's affidavit clearly supports probable cause. The magistrate approved

that affidavit from its four corners. When a search warrant has been issued, the determination of probable cause must be made solely from the information given to the impartial magistrate and from the four corners of the search warrant applications. State v. O'Neill (1984), 208 Mont. 386, 679 P.2d 760; State v. Isom (1982), 196 Mont. 330, 641 P.2d 417; Thomson v. Onstad (1979), 182 Mont. 119, 594 P.2d 1137. In O'Neill this Court quoted United States v. Ventresca, supra, saying that an affidavit supporting a search warrant is to be interpreted by the magistrate and examined by the reviewing court in a common sense, realistic fashion and without a grudging or negative attitude that will tend to discourage police officers from seeking warrants. "Ventresca, also requires reviewing courts to avoid hypertechnical interpretations of warrant applications and, in doubtful or marginal cases, to resolve the issue with the preference for warrants in mind." O'Neill, at 764.

In Ventresca, the Court said, "While a warrant may issue only upon a finding of 'probable cause,' this Court has long held that 'the term "probable cause". . . means less than evidence which would justify condemnation,'" Ventresca, at 107, quoting Locke, supra, and that "the finding of 'probable cause' may rest upon evidence which is not legally competent in a criminal trial." Ventresca, quoting Draper v. United States, 358 U.S. 307, 311.

The issuing magistrate need only determine that there is a probability, not a prima facie showing of criminal activity. O'Neill, supra, quoting Beck v. Ohio (1964), 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142. Sergeant Hawk's affidavit contained information that would have indicated to the magistrate that there was a fair probability that contraband would be found at both residences. It stated that one of the men had a criminal record that included drug

- 9 -

offenses which started 18 years ago in 1969.  In 1981 he was charged with the sale of dangerous drugs in Flathead County.  That charge was reduced to Possession of Dangerous Drugs, a felony, for which he was placed on probation for two years.  Sundberg's Nissan pickup, exactly as described by the informant was parked in front of that suspect's residence when the informant took the police to show them the homes.

The totality of these circumstances would lead any reasonable magistrate to the conclusion that the affidavit which recited these facts contained a substantial basis that probable cause to search the two premises was present.  The District Court erred in holding otherwise.  The corroborating evidence found by the law enforcement officers to support the informant must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement.  O'Neill, supra; United States v. Cortez (1981), 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621.

It is important to note that after-the-fact scrutiny by the reviewing court of the sufficiency of an affidavit should not take the form of de novo review.  O'Neill citing Gates, 462 U.S. at 236, 103 S.Ct. at 2331, 76 L.Ed.2d at 547.  The magistrate's determination of probable cause should be paid great deference by reviewing courts.  Gates, supra, Spinelli v. United States (1969), 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637.

The burden of proof is on the defendant to show that search and seizure were unlawful.  Section 46-13-302(4), MCA.  The defendant has not met this burden.

Accordingly, the items described in the search warrant and seized will not be suppressed.  Additionally, the other items seized, which are mainly items used in the cultivation of marijuana, will not be suppressed.  In State v. Quigg

(1970), 155 Mont. 119, 467 P.2d 692, this Court said that items or things other than those described in the warrant may be seized so long as a reasonable relationship between the search authorized by the warrant and the seizure of the thing not described is demonstrated.

Defendant argues finally that all the information contained in the affidavit was unreliable and misstated. However, a more objective interpretation of the facts stated in the affidavit suggests that contraband was present at both residences. The fact that contraband was found only in the Sundberg residence and not in the other described residence does not diminish the rationality of this conclusion.

For the foregoing reasons, the order of the District Court is reversed and the cause remanded for further proceedings.

_John C. Sheehy_
Justice

We concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_____

_R. C. Gulbrandson_

_William E. Hunt Sr._

_R. C. McDonough_
Justices

- 11 -