No. 89-193

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

STATE OF MONTANA,

       Plaintiff and Respondent,

  -vs-

KATHERINE RYDBERG,

       Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Gary E. Wilcox, Billings, Montana

    For Respondent:

        Hon. Marc Racicot, Attorney General, Helena, Montana
        Dorothy McCarter, Asst. Atty. General, Helena
        Harold Hanser, County Attorney; Curtis L. Bevolden,
        Deputy County Atty., Billings, Montana

Submitted on Briefs: July 13, 1989

Decided: August 31, 1989

Filed:

Clerk

Justice L. C. Gulbrandson delivered the Opinion of the Court.

Defendant, Katherine Rydberg, appeals from a judgment of the District Court for the Thirteenth Judicial District, Yellowstone County, finding her guilty of Criminal Possession of Dangerous Drugs pursuant to § 45-9-102, MCA. This judgment was entered after the District Court denied Rydberg's motion to suppress evidence seized pursuant to a search warrant allegedly issued without probable cause. We affirm.

The only issue presented for our review is whether the District Court erred in finding that the application for the search warrant contained facts sufficient to establish probable cause.

On August 8, 1988, Detective Thayer filed an application for a search warrant for Rydberg's residence. The grounds for the application were based in part on a July 6, 1988 phone call from an anonymous informant who reported observing Rydberg's involvement with the buying and selling of drugs. The informant also identified two other people, Walter Foster and Debbie Hicks, who "were involved with drugs" and who also associated with Rydberg. Specifically, the informant stated that Foster had sold Rydberg approximately one gram of cocaine the month before. This information was partially corroborated by a crimestopper's tip received on March 3, 1988; the tipster reported, as did the primary informant, that Foster was buying and selling drugs.

On July 25, 1988, the primary informant reported observing dangerous drugs at the Rydberg residence. The informant observed Foster at Rydberg's residence on July 28, 1988, and also reported seeing Rydberg at Hicks' residence "several times." The informant called a third time on August 7, 1988, and reported observing crank, possibly some cocaine,

and other dangerous drugs at the Rydberg residence. These facts were also noted in the application as grounds for issuance of the search warrant. The search warrant application then stated that both Foster and Hicks had been charged with criminal possession of dangerous drugs, and that Hicks was subsequently convicted of selling these drugs while Foster's charge was dismissed.

The subsequent search of Rydberg's residence and purse produced 5.7 grams of methamphetamines, 1.5 grams of cocaine, 1 gram of marijuana, a razor blade and snort tube, and three empty bindles. Consequently, the County Attorney for Yellowstone County charged Rydberg via an Information filed August 12, 1988, with Criminal Possession of Dangerous Drugs in violation of § 45-9-102, MCA. Rydberg subsequently filed a motion to suppress all evidence seized during the August 10, 1988 search. The motion was denied.

After Rydberg waived her right to a jury trial, she was found guilty on March 7, 1989, before the District Court and received a three-year deferred imposition of sentence subject to fulfillment of specified conditions.

Rydberg appeals from this judgment and sentence. She alleges that the search of her residence and purse was a violation of her federal and state constitutional rights because the search warrant application did not contain facts sufficient to establish probable cause.

The Fourth Amendment to the United States Constitution and Article II, Section 11 of the Montana State Constitution protect against unlawful searches and seizures. These constitutional provisions require a showing of facts in the application for a search warrant sufficient to establish probable cause. State v. O'Neill (1984), 208 Mont. 386, 393, 679 P.2d 760, 763-64. Probable cause for issuance of a search warrant, however, is "significantly less than that

3

required for a conviction." State v. Walston (Mont. 1989), 768 P.2d 1387, 1389, 46 St.Rep. 309, 311. The application need only contain facts sufficient to indicate the probability of criminal activity in light of the "totality of the circumstances." Illinois v. Gates (1983), 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548; State v. Crain (Mont. 1986), 725 P.2d 209, 210, 43 St.Rep. 1628, 1629. This "totality of the circumstances" analysis requires an issuing magistrate to make a practical, commonsense decision about the probability of criminal activity from:

> all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information . . .

Illinois v. Gates, 462 U.S. at 238, 103 S.Ct. at 2332, 76 L.Ed.2d at 548.

We hold that the totality of facts set forth in the search warrant application filed by Detective Thayer were sufficient to lead the issuing magistrate to conclude that Rydberg's residence probably contained dangerous drugs. The basis of the informant's knowledge was stated; the informant learned of the presence of drugs in Rydberg's residence through personal observation. The crimestopper's tip, which provided some corroboration as to the character of Foster and as reported by the informant, indicates the veracity of the information provided. The search warrant application stated that both Foster and Hicks had previously been charged with drug-related offenses. If a police official provided this information regarding Foster's and Hicks's prior drug-related charges, then the veracity of the information is further supported.

The application regrettably fails to state clearly the source of this information, however, the application does

4

identify the informant when reiterating facts that were reported by the informant. The application states that:

> Both of these subjects [Foster and Hicks] have previously been charged with criminal possession of dangerous drugs. Hicks was convicted on the charges of selling dangerous drugs. Foster's charge was dismissed.
>
> . . .
>
> According to the CI [Confidential Informant], Foster sold Rydberg some cocaine approx. one gram, a month ago. . . According to the CI, that is working with this department Rydberg has been seen at Debbie Hicks residence several times, also according to the CI, who called in again on 7-25-88 to say that at the Rydberg residence there was some drugs again, that was seen by the CI. . . On August 7, 1988 the same CI, called this office again, with some more information concerning Rydberg. After talking to the CI, I was informed that in the house was crank and possibly some cocaine, and other drugs. (Emphasis added.)

The search warrant application does not identify the informant as the person providing the information about Foster's and Hicks's prior drug charges, yet it does refer specifically to the informant as the source of the other information provided, indicating that a person other than the informant provided the facts about Foster's and Hicks's prior criminal record.

When a magistrate determines that probable cause exists to warrant the issuance of a search warrant, this Court should not only give great deference to that decision but we should also draw every reasonable inference possible to support the decision. State v. Sunberg (Mont. 1988), 765 P.2d 736, 741, 45 St.Rep. 2235, 2240; State v. Pease (Mont.

5

1986), 724 P.2d 153, 159, 43 St.Rep. 1417, 1424. In light of the facts outlined above, we uphold the District Court's denial of Rydberg's motion to suppress evidence seized under the search warrant and therefore affirm the judgment.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices


Justice John C. Sheehy did not participate in this opinion.

6

Justice R. C. McDonough and Justice William E. Hunt, Sr., file the following dissents, each concurring in the other:

Justice R. C. McDonough dissents.

The application for the search warrant of the defendant's home was not sufficient to establish probable cause. The pertinent parts of such application are as follows:

> On 7-6-88 this office received an anonymous phone call from a subject who had some information concerning a KATHY RYDBERG, who lives at 1004 Sunhaven Trailer Court, Laurel, Montana, who has involvement in dealing, buying and selling of drugs. The subject who called in since then has become a confidential informant. The CI stated that RYBERG [sic] was involved with several people who are into drugs. Of these people, two names were brought up. One is a WALTER FOSTER, who lives at 1515 E. Main Street Laurel, Montana. The other is a DEBBIE HICKS, who lives on 224 South 32nd street, Billings, Montana.
>
> Both of these subjects have previously been charged with criminal possession of dangerous drugs. Hicks was convicted on the charges of selling dangerous drugs. Foster's charge was dismissed. According to the CI, Foster sold Rydberg some cocaine approx; one gram, a month ago.
>
> Foster also was called in on a crimestoppers tip on March 3 1988. The informant said that a Walter Foster who lives at 1515 E. Main, in Laurel, Montana, was dealing and selling drugs. This is a different informat [sic] entirely. According to the CI, that is working with this department Rydberg has been seen at Debbie Hicks residence several times, also according to the CI, who called in again on 7-25-88 to say that at the Rydberg residence there was some drugs again, that was seen by the CI. Also Foster has been at the Rydberg house recently. Foster was observed at the Rydberg residence at around 10:00 PM on July 28, 1988. Foster was driving a cream colored 4 door Ford.
>
> On August 7, 1988 the same CI, called this office again, with some more information, concerning Rydberg. After talking to the CI, I was informed

7

that in the house was crank and possibly some cocaine, and other drugs.

This information that was received from the CI, is based upon the CI being in the residence, from time to time, and seeing the drugs, and the paraphenalia [sic]."

It is to be noted from examining the wording of the application that the only person who for sure connects the defendant in any way to possible criminal behavior or incriminating items, is the confidential informant. It is confusing whether the anonymous informant who called in on July 6, 1988, is the same or a different confidential informant who is referred to later.

Therefore, the applicant for the search warrant, a detective, has as his only connection to the defendant, the hearsay evidence of the confidential informant. There is nothing in the affidavit which would inform the magistrate that such hearsay was reliable or that the officer thought the informant was credible. The information and statements given by the informant are vague and not in any way explicit, and do not lend themselves to be able to be checked as to their veracity.

We have adopted the totality of the circumstances test (see State v. Sundberg (Mont. 1988), 765 P.2d 736, 45 St.Rep. 2235) adopted in Illinois v. Gates (1983), 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527, which was discussed therein as follows:

> For all these reasons, we conclude that it is wiser to abandon the "two-pronged test" established by our decisions in Aguilar and Spinelli. In its place we reaffirm the totality-of-the-circumstances analysis that traditionally has informed probable-cause determinations. See Jones v. United States, supra; United States v. Ventresca, 380 U.S. 102 (1965); Brinegar v. United States, 338 U.S. 160 (1949). The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity"

8

and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed. <u>Jones v. United States</u>, 362 U.S., at 271. We are convinced that this flexible, easily applied standard will better achieve the accommodation of public and private interests that the Fourth Amendment requires than does the approach that has developed from <u>Aguilar</u> and <u>Spinelli</u>.

<u>Gates</u>, 462 U.S. at 238-39.

Looking at this application a magistrate would ask common sense questions which by asking the questions point out the deficiency of the application:

Can the confidential informant be believed? and

Why isn't he/she more specific about dates, times, places, itemization, description of the house, etc., and therefore

Was he/she actually in the house, and

Can his/her information be corroborated?

Without further facts under the circumstances here, there is no basis to believe that probable cause exists for issuance of the warrant. I would reverse the District Court and suppress the evidence. I further concur in the following dissent of Justice William E. Hunt, Sr.

_____
Justice

9

Mr. Justice William E. Hunt, Sr., dissenting:

I dissent. The search warrant application did not contain sufficient facts to establish probable cause and, thus, violated the protections guaranteed by the Fourth Amendment to the United States Constitution and Art. II, Sec. 11 of the Montana Constitution.

The search warrant application was partially based upon telephone calls from an anonymous informant who reported observing Rydberg buying and selling drugs. The majority notes, and correctly so, that when a magistrate examines an application for a search warrant, he must consider:

> . . . all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information. [Emphasis added.]

Illinois v. Gates (1983), 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548.

The validity of a search warrant based on information received from an informant will not necessarily be negated as long as the reliability and credibility (the veracity) and the basis of the informant's knowledge is established. The majority makes a feeble attempt to establish the veracity of the anonymous informant, who communicated by telephone, by stating that because a crimestopper's tip corroborated the informant's report, the "veracity of the information provided" was indicated. It is not the veracity of the "information" which is at issue when dealing with informants, but the veracity of the informant himself. In this case, the veracity of the informant is impossible to establish because the informant remains anonymous. Because the informant

10

remains anonymous, his veracity cannot be established, therefore, his statements may not be introduced as a basis for issuing the search warrant. Without the informant's statements, the search warrant fails for lack of probable cause.

The majority states that the "application need only contain facts sufficient to indicate the probability of criminal activity in light of the totality of the circumstances." Aside from information received from the informant's anonymous telephone calls, the only other fact considered when issuing the warrant was a crimestopper's tip. The veracity of the crimestopper's tipster, as with the anonymous informant, has not been established. For all we know, it could have been the same person.

Moreover, the majority admits that the "application regrettably fails to state clearly the source of this information." Regrettable indeed! What is even more regrettable is the kind of precedent established by this case. Even in the most lenient of circumstances, the information relied upon would not establish probable cause and is, therefore, unconstitutional.

I would reverse the District Court.

I also concur in the dissent of Mr. Justice McDonough.

_____
Justice