JUSTICE GULBRANDSON
delivered the Opinion of the Court.
Defendant, Katherine Rydberg, appeals from a judgment of the District Court for the Thirteenth Judicial District, Yellowstone County, finding her guilty of Criminal Possession of Dangerous Drugs pursuant to § 45-9-102, MCA. This judgment was entered after the District Court denied Rydberg’s motion to suppress evidence seized pursuant to a search warrant allegedly issued without probable cause. We affirm.
The only issue presented for our review is whether the District Court erred in finding that the application. for the search warrant contained facts sufficient to establish probable cause.
On August 8, 1988, Detective Thayer filed an application for a search warrant for Rydberg’s residence. The grounds for the application were based in part on a July 6, 1988 phone call from an anonymous informant who reported observing Rydberg’s involvement with the buying and selling of drugs. The informant also identified two other people, Walter Foster and Debbie Hicks, who “were involved with drugs” and who also associated with Rydberg. Specifically, the informant stated that Foster had sold Rydberg approximately one gram of cocaine the month before. This information was partially corroborated by a crimestopper’s tip received on March 3, 1988; the tipster reported, as did the primary informant, that Foster was buying and selling drugs.
On July 25, 1988, the primary informant reported observing dangerous drugs at the Rydberg residence. The informant observed Foster at Rydberg’s residence on July 28, 1988, and also reported seeing Rydberg at Hicks’ residence “several times.” The informant called a third time on August 7,1988, and reported observing crank, possibly some cocaine, and other dangerous drugs at the Rydberg residence. These facts were also noted in the application as grounds for issuance of the search warrant. The search warrant application then stated that both Foster and Hicks had been charged with criminal possession of dangerous drugs, and that Hicks was subsequently convicted of selling these drugs while Foster’s charge was dismissed.
The subsequent search of Rydberg’s residence and purse produced *72 5.7 grams of methamphetamines, 1.5 grams of cocaine, 1 gram of marijuana, a razor blade and snort tube, and three empty bindles. Consequently, the County Attorney for Yellowstone County charged Rydberg via an Information filed August 12, 1988, with Criminal Possession of Dangerous Drugs in violation of § 45-9-102, MCA. Rydberg subsequently filed a motion to suppress all evidence seized during the August 10, 1988 search. The motion was denied.
After Rydberg waived her right to a jury trial, she was found guilty on March 7, 1989, before the District Court and received a three-year deferred imposition of sentence subject to fulfillment of specified conditions.
Rydberg appeals from this judgment and sentence. She alleges that the search of her residence and purse was a violation of her federal and state constitutional rights because the search warrant application did not contain facts sufficient to establish probable cause.
The Fourth Amendment to the United States Constitution and Article II, Section 11 of the Montana State Constitution protect against unlawful searches and seizures. These constitutional provisions require a showing of facts in the application for a search warrant sufficient to establish probable cause. State v. O’Neill (1984), 208 Mont. 386, 393, 679 P.2d 760, 763-64. Probable cause for issuance of a search warrant, however, is “significantly less than that required for a conviction.” State v. Walston (Mont. 1989), [236 Mont. 218,] 768 P.2d 1387, 1389, 46 St.Rep. 309, 311. The application need only contain facts sufficient to indicate the probability of criminal activity in light of the “totality of the circumstances.” Illinois v. Gates (1983), 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548; State v. Crain (Mont. 1986), 223 Mont. 167, 725 P.2d 209, 210, 43 St.Rep. 1628, 1629. This “totality of the circumstances” analysis requires an issuing magistrate to make a practical, commonsense decision about the probability of criminal activity from:
“all the circumstances set forth in the affidavit before him, including the ‘veracity’ and ‘basis of knowledge’ of persons supplying hearsay information
Illinois v. Gates, 462 U.S. at 238, 103 S.Ct. at 2332, 76 L.Ed.2d at 548.
We hold that the totality of facts set forth in the search warrant application filed by Detective Thayer were sufficient to lead the issuing magistrate to conclude that Rydberg’s residence probably con *73 tained dangerous drugs. The basis of the informant’s knowledge was stated; the informant learned of the presence of drugs in Rydberg’s residence through personal observation. The crimestopper’s tip, which provided some corroboration as to the character of Foster and as reported by the informant, indicates the veracity of the information provided. The search warrant application stated that both Foster and Hicks had previously been charged with drug-related offenses. If a police official provided this information regarding Foster’s and Hicks’s prior drug-related charges, then the veracity of the information is further supported.
The application regrettably fails to state clearly the source of this information, however, the application does identify the informant when reiterating facts that were reported by the informant. The application states that:
“Both of these subjects [Foster and Hicks] have previously been charged with criminal possession of dangerous drugs. Hicks was convicted on the charges of selling dangerous drugs. Foster’s charge was dismissed.
“According to the Cl [Confidential Informant], Foster sold Rydberg some cocaine approx, one gram, a month ago . . . According to the Cl, that is working with this department Rydberg has been seen at Debbie Hicks’s residence several times, also according to the Cl, who called in again on 7-25-88 to say that at the Rydberg residence there was some drugs again, that was seen by the Cl . . . On August 7, 1988 the same Cl, called this office again, with some more information concerning Rydberg. After talking to the Cl, I was informed that in the house was crank and possibly some cocaine, and other drugs.” (Emphasis added.)
The search warrant application does not identify the informant as the person providing the information about Foster’s and Hicks’s prior drug charges, yet it does refer specifically to the informant as the source of the other information provided, indicating that a person other than the informant provided the facts about Foster’s and Hicks’s prior criminal record.
When a magistrate determines that probable cause exists to warrant the issuance of a search warrant, this Court should not only give great deference to that decision but we should also draw every reasonable inference possible to support the decision. State v. Sundberg (Mont. 1988), [235 Mont. 115,] 765 P.2d 736, 741, 45 St.Rep. 2235, 2240; State v. Pease (1986), 222 Mont. 455, 724 P.2d 153, 159, *74 43 St.Rep. 1417, 1424. In light of the facts outlined above, we uphold the District Court’s denial of Rydberg’s motion to suppress evidence seized under the search warrant and therefore affirm the judgment.
Affirmed.
CHIEF JUSTICE TURNAGE and JUSTICES HARRISON and WEBER concur.
JUSTICE SHEEHY did not participate in this opinion.
JUSTICE McDONOUGH and JUSTICE HUNT, dissenting, each concurring in the other: