Nos. 01-857 & 01-858

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 188

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

PENNY LYNN GRAMS,

        Defendant and Appellant.
--------------------------------------------------------
STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

RICKY LEE GRAMS,

        Defendant and Appellant.


APPEAL FROM:    District Court of the First Judicial District,
                      In and for the County of Lewis and Clark,
                      The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

        Edmund F. Sheehy, Jr., Cannon & Sheehy, Helena, Montana 59604

        For Respondent:

        Hon. Mike McGrath, Attorney General; Tammy K. Plubell,
        Assistant Attorney General, Helena, Montana

        Leo Gallagher, Lewis and Clark County Attorney; Jorge Quintana, Deputy
        County Attorney, Helena, Montana


                  Submitted on Briefs:  March 28, 2002
                              Decided:  August 29, 2002

Filed:

                                 _____
                                         Clerk
Justice Jim Regnier delivered the Opinion of the Court.

¶1   Ricky Lee Grams ("Rick") and Penny Lynn Grams ("Penny") appeal an Order on Motion to Suppress from the First Judicial District Court, Lewis and Clark County.  We affirm.

¶2   The following issue is dispositive of this appeal:

¶3   Did the application for a search warrant provide sufficient probable cause for its issuance?

BACKGROUND

¶4   On March 13, 2001, Helena Police Officer Mark Ekola applied for a search warrant to search the residence of Rick and Penny Grams (collectively, the "Grams").  Approximately one month earlier, authorities arrested fourteen-year-old Z.D. for possession of marijuana.  Z.D. told Officer Ekola that he had twice purchased marijuana from R.G., a fellow student at C.R. Anderson Middle School.  On March 8, 2001, authorities cited twelve-year-old M.J., another middle school student, for distributing marijuana on school grounds.

¶5   Officer Ekola interviewed M.J. in the presence of her mother.  During the interview, M.J. told Officer Ekola that she also obtained the marijuana from R.G.  M.J. said that R.G. obtained her marijuana from her father, Rick.

¶6   During his investigation, Officer Ekola learned that R.G. had held a slumber party on February 24, 2001, at the Grams' home. R.G.'s middle school friends, A.E., B.C., S.P., A.R. and S.R., attended the party.  All the girls were between the ages of twelve and thirteen.

3

¶7    S.R. told Officer Ekola that R.G. took them into her father's bedroom, where she pointed out a file cabinet.  R.G. removed a large freezer bag full of apparent marijuana from the top drawer of the cabinet.  R.G. told S.R. that her father approved of her smoking marijuana and did not care if she went into his bedroom to obtain the marijuana.  The girls attending the party told Officer Ekola that they smoked marijuana during that evening.  Some of the youth told Officer Ekola that during the evening, Rick and Penny, and two unknown males, sat in the living room in front of the girls and smoked marijuana.

¶8    Based on this information, Officer Ekola obtained a warrant to search the Grams' residence for marijuana and drug paraphernalia. On March 19, 2001, the State of Montana filed a complaint in justice court charging Rick and Penny with the following offenses: endangering the welfare of a child, a misdemeanor; criminal possession of dangerous drugs, a misdemeanor; and criminal possession of drug paraphernalia, a misdemeanor.  The justice court conducted a bench trial on June 6, 2001.  At the conclusion of trial, the State moved to dismiss the charge of endangering the welfare of a child, which the court granted.  The court found both Rick and Penny guilty of criminal possession of dangerous drugs and criminal possession of drug paraphernalia.  On June 19, 2001, the court imposed sentence.  Rick and Penny then filed a notice of appeal, and the justice court stayed their sentences pending the appeal to the District Court.

4

¶9   The District Court set a scheduling conference for July 16, 2001.  After the scheduling conference, the court set a jury trial for October 1, 2001.  On August 30, 2001, Rick and Penny filed a motion to suppress all the evidence that law enforcement officers seized from their home.  The Grams argued that probable cause did not support the search warrant.  After hearing briefs on this matter, the District Court entered an order denying the Grams' motion to suppress.  The Grams appeal.

STANDARD OF REVIEW

¶10  When reviewing a district court's denial of a motion to suppress, we determine whether the court's interpretation and application of the law is correct.  *See State v. Reesman*, 2000 MT 243, ¶ 18, 301 Mont. 408, ¶ 18, 10 P.3d 83, ¶ 18.  In addition, our function as a reviewing court is ultimately to ensure that the lower court had a "substantial basis" to determine that probable cause existed.  *See Reesman,* ¶ 19.  In our review, we will pay great deference to a court's determination that probable cause existed and draw every reasonable inference possible to support that determination.  *See Reesman*, ¶ 19.

DISCUSSION

¶11  Did the application for a search warrant provide sufficient probable cause for its issuance?

¶12  The District Court held that the application for the search warrant provided sufficient legitimate information to uphold the validity of the search warrant.  The court noted that the application contained two hearsay statements.  In particular, M.J.

5

stated that R.G. had told her that she obtains marijuana from her father and that R.G. told everyone that her father approves of her smoking marijuana. The court concluded that the statement by S.R. that R.G. took her and the other girls to Rick's bedroom and removed a large freezer bag of marijuana from the top drawer of his filing cabinet corroborated M.J.'s statement. It also concluded that the statements of R.G.'s friends that they smoked marijuana at a sleep-over party at the Grams' residence and that Rick and Penny smoked marijuana in front of them corroborated the statements about Rick approving of R.G. smoking marijuana.

¶13 Rick and Penny disagree with the District Court's conclusion that there was corroboration of the two hearsay statements. They maintain that the application did not show how S.R. could have personal knowledge that (1) the bedroom was Rick's, (2) M.J. removed the alleged freezer bag of marijuana from his filing cabinet and (3) the bag actually contained marijuana. The Grams also contend that, without independent law enforcement investigation of the hearsay statements, the girls' statements that they smoked marijuana all evening did not provide sufficient corroboration.

¶14 In order for an application for a search warrant to be sufficient, it must state facts sufficient to show probable cause for the issuance of the warrant. *See* § 46-5-221, MCA; *State v. Kuneff*, 1998 MT 287, ¶ 21, 291 Mont. 474, ¶ 21, 970 P.2d 556, ¶ 21. When deciding whether probable cause existed for issuance of a warrant, we follow the "totality of the circumstances" test set

forth in *Illinois v. Gates* (1983), 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527.  *See State v. Crowder* (1991), 248 Mont. 169, 173, 810 P.2d 299, 302.  Under this test, to determine whether a court should issue a search warrant, "the judge evaluates the facts asserted within the four corners of the application and makes a practical, common-sense decision as to whether there is a fair probability that incriminating items will be found in the place to which entry is sought."  *State v. Worrall*, 1999 MT 55, ¶ 28, 293 Mont. 439, ¶ 28, 976 P.2d 968, ¶ 28 (citing *State v. Sundberg* (1988), 235 Mont. 115, 119, 765 P.2d 736, 739).

¶15 As a reviewing court, we too must look solely to the information given to the impartial magistrate and to the four corners of the search warrant application. *See Crowder*, 248 Mont. at 173, 810 P.2d at 302 (citing *Sundberg*, 235 Mont. at 121, 765 P.2d at 740).  We will not review a search warrant application sentence by sentence, but, rather, we will examine the entire affidavit to determine whether the issuing magistrate had a substantial basis to conclude that probable cause existed.  *See State v. Hulbert* (1994), 265 Mont. 317, 323, 877 P.2d 25, 29.

¶16 Not all evidence in the application for the search warrant was hearsay.  The application noted that five girls told law enforcement that they had smoked marijuana at the Grams' home and that the Grams smoked marijuana in front of them.  This case turns on whether this testimony provided the magistrate sufficient probable cause to issue a search warrant.

7

¶17 We set forth a step-by-step analysis in *Reesman* for determining whether an informant's information is sufficient to establish probable cause. The initial question is whether the informants were anonymous. *See Reesman*, ¶ 28. Here, the five girls, A.E., B.C., S.P., A.R. and S.R., who attended the slumber party are informants. None of them are anonymous, as all five spoke directly with law enforcement officers and the application in support of the search warrant identifies all five.

¶18 If the informants are not anonymous, as is the case here, we then turn to a second threshold question: "is the informant's information based on his or her personal observation of the described criminal activity? In other words, is the basis of the information hearsay?" *Reesman*, ¶ 29. A.E., B.C., S.P., A.R. and S.R. base their statements on personal observation; they admitted smoking marijuana at Rick's house and told law enforcement officers that Rick and Penny smoked marijuana in front of them.

¶19 Because the girls' statements were based on first-hand evidence, the final question is whether the informant is a reliable source of such information. *See Reesman*, ¶ 31. A magistrate can deem an informant reliable if: (1) an officer's application for a search warrant identifies an informant as a "confidential informant" who has provided reliable and accurate information to law enforcement officers in the past; (2) the informant makes an unequivocal admission against interest; or (3) the informant was motivated by good citizenship and demonstrates a sufficient understanding of the circumstances under which the informant came

8

to know the information. *See Reesman*, ¶ 32-34. If the informant is deemed reliable under one of these three scenarios, then the police need not independently corroborate the informant's information. *See Reesman*, ¶ 35. Here, the five girls admitted smoking marijuana, an illegal substance. These admissions constituted an unequivocal admission against their interest.

¶20 For these reasons, we conclude that the girls' admissions that they smoked marijuana in the Grams' presence, while the Grams also smoked marijuana, in the Grams' home, provided sufficient probable cause to obtain a search warrant. Because these admissions constituted sufficient probable cause, we need not address the adequacy of the hearsay statements concerning admissions by M.J.

¶21  Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ TERRY N. TRIEWEILER
/S/ JIM RICE