No. 13154

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

STATE OF MONTANA ex rel.,
RICHARD D. TOWNSEND,

Relator,

-vs-

THE DISTRICT COURT OF THE FOURTH
JUDICIAL DISTRICT OF THE STATE OF
MONTANA, In and for the County of
Ravalli and the HONORABLE JACK L.
GREEN, presiding Judge,

Respondents.

ORIGINAL PROCEEDING:

For Relator:

Milodragovich, Dale and Dye, Missoula, Montana
Michael J. Milodragovich argued, Missoula, Montana

For Respondents:

Douglas Harkin argued, Hamilton, Montana

Submitted: September 30, 1975

Decided: DEC 1 1975

Filed: DEC 1 1975

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Relator Richard D. Townsend is charged by Information in Ravalli County with the offense of criminal sale of dangerous drugs, a felony under section 54-132, R.C.M. 1947. The Information results from the seizure of forty-two marijuana plants and assorted paraphenalia by county deputy sheriffs during a search March 31, 1975, of relator's apparent place of residence. Prior to the search, a supportive warrant was issued by a local magistrate. The validity of that warrant was challenged by a motion to suppress under section 95-1805, R.C.M. 1947. Hearing was held on May 23, 1975 in the district court and the motion to suppress was denied. As the denial of this motion is not an appealable order, relator petitions this Court for a writ of supervisory control, suppressing all evidence, written or oral, which was obtained from him in connection with this search.

In determining the facts upon which the magistrate relied to find probable cause for the contested warrant, we consider two sources - 1) the application itself, and 2) certain responses to oral inquiry of the officer made at the time of the submission of the application.

Except for the standard descriptions of the items to be seized and the place to be searched, the only factual allegations made in the application were:

> "An informant has advised Sheriff's Deputies that he has seen several marijuana plants growing inside the house. A second informant advised Sheriff's Deputies that he saw marijuana plants growing inside the house. The second informant has had personal experience with the identification of growing marijuana."

The quoted paragraph constitutes the only written statement of facts submitted to the magistrate. At the suppression hearing, it was revealed that the magistrate propounded several oral questions to the applying officer before authorizing the warrant. According

to the officer's testimony, these questions produced this additional information:

> "Q. And apparently if I understand your testimony correctly, those things which you deemed to be important and which should be brought to the Judge's attention were that two informants allegedly saw marihuana in Richard Townsend's house; that one of them allegedly could identify marihuana; that the first had identified a correlation between what he saw and the photograph that you showed him and that both individuals were upstanding citizens; is that correct?
>
> "A. It sounds correct, yes sir."

It is undisputed that there was no court reporter present during this discussion, no written notes were made or subscribed to by the applicant, and that no other writing was submitted to the magistrate in support of the allegation that probable cause existed.

At the suppression hearing, it was revealed that the first informant had seen the marijuana plants about two months prior to the issuance of the warrant, and the second informant had seen the plants about three weeks prior to the issuance of the warrant. This did not appear on the affidavit, nor was it brought to the attention of the magistrate.

A dispositive ruling in this case can be achieved through the determination of two related issues: 1) Whether the affidavit contained facts sufficient for a magistrate to determine whether probable cause existed, and 2) whether oral statements made to the magistrate at the time of the submission of the application may be used to cure a deficient affidavit.

The requirement that the magistrate decide the existence of probable cause on the basis of facts sufficient to allow an independent determination, is imposed by Montana law to ensure that some neutral and detached evaluation is interposed between those who investigate crime and the ordinary citizen. This principle was discussed in Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L ed 436, 440:

"The point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime."

It cannot be disputed that hearsay information may be considered to establish probable cause. State v. Paulson, ____ Mont.____, 538 P.2d 339, 32 St.Rep. 786; Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L ed 2d 726,739; Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L ed 2d 327. But when hearsay information forms the justification for a finding of probable cause and the issuance of a search warrant, the two-pronged test set out in Aguilar v. Texas, 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L ed 2d 723, must be applied and satisfied:

"* * * the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see Rugendorf v. United States, 376 U.S. 528, was 'credible' or his information 'reliable.'"

See also: Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L ed 2d 637.

We find the warrant in this case to be fatally deficient in several areas. First, there is no statement explaining some of the underlying circumstances from which the informant concluded that the plants were in the house or that relator was in some way connected to those plants. The mere fact that a person is on premises where officers have reason to believe there are drugs does not, by itself, justify an arrest or search of his person. State ex rel. Glantz v. District Court, 154 Mont. 132, 139, 461 P.2d 193, and cases cited therein. Similarly, the application contains no fact that would connect relator to the criminal activity. Without the showing of some criminal activity on the part of Townsend, there can be no probable cause. State ex rel. Garris v. Wilson, 162 Mont. 256, 260, 511 P.2d 15.

- 4 -

The second part of the Aguilar - Spinelli test mandates that the existence of probable cause be established only through a credible informant with reliable information. Again, the magistrate must be informed of some underlying circumstances which demonstrate that credibility and reliability. The affidavit under scrutiny here, contains statements which are at best merely conclusory, and therefore insufficient to establish probable cause.

Additionally, the affidavit is deficient in that it fails to aver the time when the affiant received the information. Research has not revealed a single case where the warrant was upheld without a statement showing the time when the facts or events relied upon occurred. An affidavit which omits a reference to the time of the criminal event cannot establish probable cause. Rosencranz v. United States, 356 F.2d 310; Kohler v. United States, 9 F.2d 23.

In general agreement with these authorities is Poldo v. United States, 55 F.2d 866,868, wherein it was stated "Time of the affidavit's observations * * * is of the essence of the affidavit." The time factor is regarded as an important element of probable cause in order to prevent the issuance of warrants on "loose, vague, or doubtful bases of fact * * *." Anno. 100 ALR2d 525,526.

In Montana, the affidavit must set forth facts sufficient to show that a law is being violated at the time the warrant is issued. State ex rel. Stange v. District Court, 71 Mont. 125, 227 P. 576. In State v. Gardner, 74 Mont. 377, 381, 240 P. 984, this Court ruled:

> "Neither the Constitution nor the statute requires that the showing must be made by direct evidence or that it must be sufficient to justify a conviction. The law is satisfied if, by legal evidence, direct or circumstantial, it is made to appear that probable cause exists to believe that the statute is being violated * * *.
>
> "* * * it cannot be said that because a man commits one crime it is reasonable to presume that he will commit a like crime twenty-five days or a month later." (Emphasis added).

- 5 -

As the affidavit here totally lacks any reference to time, either direct or circumstantial, it must be held void according to the aforementioned principles of law.

We now consider whether a deficient affidavit may be cured by responses to oral inquiry from a magistrate made at the time the application is submitted. Relevant to this line of inquiry is Article II, Section 11, 1972 Montana Constitution which provides in pertinent part:

> "* * * No warrant to search any place, or seize any person or thing shall issue without describing the place to be searched or the person or thing to be seized, or without probable cause, supported by oath or affirmation reduced to writing." (Emphasis added).

Consistent with the requirement of a writing are the supporting statutory provisions, section 95-703, R.C.M. 1947, defining the term "search warrant" and section 95-704, R.C.M. 1947, listing the grounds upon which a search warrant may issue.

Here, it is respondents' contention that the officer's sworn testimony to the magistrate at the time of the application for the warrant may be used to supplement an application deficient on its face. We find this conclusion to be unsupported by Montana law. This question was considered in Petition of Gray, 155 Mont. 510, 519, 520, 473 P.2d 532. There this Court ruled that the issuance of a search warrant cannot be upheld on the basis of information not contained in the affidavit, the affidavit itself providing the "exclusive support" for such issuance. In doing so, Montana joined those states adhering to the so-called "four corners"rule, set out in Gray:

> "* * * the sufficiency of an affidavit supporting a search warrant must be found within the four corners of the affidavit itself and reference may not be made to oral conversations * * *. We see no reason to reach a contrary result in the instant case particularly, where as here, the conversations were unsworn, unwritten, and unsigned."

- 6 -

Contemporaneous oral declarations to a magistrate cannot be used to bolster an insufficient affidavit in the attempt to establish probable cause, unless such declarations are sworn, signed, reduced to writing, and made a part of the affidavit.

Relator's petition for writ of supervisory control is granted. The aforementioned evidence is suppressed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.