MR. JUSTICE MORRISON
delivered the Opinion of the Court.
On July 26, 1984, defendant, Ricky Hendrickson filed a motion to suppress evidence found during a search of his vehicle, alleging lack of probable cause to support issuance of the search warrant. Following a hearing in the Twelfth Judicial District Court, defendant’s motion was granted on August 6, 1984. The State appeals.
We find that the application for the search warrant contains sufficient probable cause to support the issuance of a search warrant and reverse the order of the District Court.
On January 25, 1984, Sgt. Gene Harada of the Havre Police De partment, acting in response to a confidential informant’s tip, ap *3 plied for and received a search warrant from Hill County Justice of the Peace, Edward Vasecka. The informant was well known to the Sergeant as he had provided reliable information to the Sergeant on several other occasions.
Sgt. Harada’s affidavit requesting issuance of a search warrant states:
“An informant has contacted me with information concerning the above person. This informant has told me that they are transporting the above drugs to Great Falls this afternoon with the intent of selling them. There is a music concert to be held in Great Falls this evening.
“The informant states that the listed suspect is planning to leave the Havre Area between 1200 hrs. and 1500 hrs. on Jan. 25, 1984.
“The informant knows the above listed suspect. The informant knows that the suspect has used drugs and has been present when the suspect has used drugs.
“The informant has been in the company of the suspect in the very recent past and has heard the suspect indicate to him that he was going to transport these drugs to Great Falls today.
“This confidential informant is known to me. I have had contact with this informant on a number of other occasions in which then [sic] informant has provided information concerning other criminal investigation and has proved to be reliable.
“The listed suspect has been under surveillance by the Havre Police Department and Hill County Sheriff office because of other intelligence information received over the past six (6) weeks.”
The warrant application described the vehicle to be searched as “a 1978 Royal Blue Ford LTD II with a rear spoiler on trunk, mag wheels, double white strip down both sides of the vehicle and has a 20 sticker in rear window. This is registure [sic] to Ricky Hendrickson.” The property alleged to be in the car was “a large amount of marijuana.”
That same day, Sgt. Harada stopped defendant’s car and searched it pursuant to the search warrant. Two bags of marijuana (125.92 grams), a prescription bottle thought to contain LSD and two water pipes were seized. Hendrickson was charged with criminal possession of dangerous drugs.
In support of his motion to suppress, Hendrickson alleges that the affidavit supporting the search warrant failed to set forth sufficient facts to establish probable cause to issue the warrant and that the Justice of the Peace relied on information outside the four corners *4 of the affidavit in issuing the search warrant. Specifically, Hendrickson alleges that the Justice of the Peace considered unsworn, oral answers to questions posed to Sgt. Harada.
At the hearing on defendant’s motion to suppress, the Justice of the Peace testified that he always questions officers prior to issuing search warrants. He further stated that the affidavit contained probable cause to support the warrant, but that he would never have issued it without questioning the Sergeant. Relying solely on the information within the four corners of Sgt. Harada’s affidavit, the trial judge found a lack of probable cause to issue a search warrant and denied the application.
The State of Montana raises the following issues in its appeal:
1. Whether the search warrant was supported by probable cause?
2. Whether the police officer reasonably and in good faith relied on the Justice of the Peace’s determination of probable cause so as to preclude application of the exclusionary rule?
The current test for determining whether an informant’s tip establishes probable cause for issuance of a warrant is found in Illinois v. Gates (1983), 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548:
“[W]e conclude that it is wiser to abandon the ‘two-pronged test’ established by our decisions in Aguilar and Spinelli. In its place we reaffirm the totality of the circumstances analysis that traditionally has informed probable cause determinations. [Citations omitted.] The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the ‘veracity’ and ‘basis of knowledge’ of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a ‘substantial basis for . . . concluding]’ that probable cause existed. Jones v. United States, [1960] supra, 362 U.S. [257], at 271, 80 S.Ct. [725], at 736.” (Footnote omitted.)
This “totality of the circumstances” test has been adopted in this State. State v. O’Neill (Mont. 1984), [208 Mont. 386,] 679 P.2d 760, 41 St.Rep. 420. It completely replaces the more stringent, two-prong Aguilar-Spinelli test. For discussions of that test, see Aguilar v. Texas (1964), 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; Spinelli v. United States (1969), 393 U.S. 410, 89 S. Ct. 584, 21 L.Ed.2d 637; *5 and State v. Erler (Mont.1983), [207 Mont. 88,] 672 P.2d 624, 40 St. Rep. 1915.
The information contained in Sgt. Harada’s affidavit satisfies the probable cause test set forth in Gates, supra. It includes information concerning the place where the drugs could be found; the date and time when the drugs could be found; the kind of drugs involved; the intended use of the drugs; an accurate description of defendant’s car; and an accurate description of defendant’s travel plans. It also states that informant had been present when the defendant used drugs; that defendant personally told informant he was going to transport drugs to Great Falls on January 25, 1984; and that informant was believed reliable because of reliable information previously provided by him to the police.
Defendant suggests that probable cause is not established in this case for numerous reasons. The informant did not adequately explain “they” when stating that “they are going to take the drugs to Great Falls.” The informant did not claim to have seen the drugs, nor did he know where in the car the drugs could be found. The informant provided no information indicating that defendant was a retailer, wholesaler or distributor of marijuana. And finally, the use of the term “indicate” in “informant . . . has heard the suspect indicate” is too broad. To give credence to defendant’s argument would be to place “undue attention ... on isolated issues that cannot sensibly be divorced from the other facts presented to the magistrate.” Gates, 462 U.S. at 234-235, 103 S.Ct. at 2330, 76 L.Ed.2d at 545-546.
The “totality of the circumstances,” from the face of Sgt. Harada’s affidavit, clearly supports a finding of probable cause. We approve the trial judge’s refusal to look beyond the four corners of that affidavit. No information obtained during the conversation between the Justice of the Peace and Sgt. Harada may be used to determine probable cause because the Sergeant’s statements were unsworn, unsigned and not a part of the record. State ex rel. Townsend v. District Court (1975), 168 Mont. 357, 363, 543 P.2d 193, 196. The occurrence of that conversation does not adversely affect the finding that probable cause to issue a search warrant exists because that finding rests solely on the information in the affidavit. State v. Thomson (1976), 169 Mont. 158, 162, 545 P.2d 1070, 1072. However, we disapprove of what appears to be the habit of this Justice of the Peace to conduct such conversations.
Since we find the search warrant to be supported by probable *6 cause contained within the four corners of Sgt. Harada’s affidavit, it is unnecessary to discuss the second, “good faith” issue raised by the State.
Reversed and remanded for trial.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES HARRISON, WEBER and GULBRANDSON concur.