MR. JUSTICE SHEEHY,
dissenting:
It is a disservice to the District Judge, the Honorable Chan Ettien, not to discuss the reasons on which he found that the warrant in this case was improvidently issued.
In his written memorandum, after stating his observation respecting the ambiguities of the application for warrant, Judge Ettien noted:.
“There is not a smidgeon of information in the application purportedly or impliedly from the surveillance. One could gather that there was substantial surveillance of Defendant’s residence and movements. One must presume no suspicions of criminal action surfaced, particularly of trafficking, which would have been of material underlying circumstance.
“Judge Vasecka made it clear, during examination that he included his oral interrogation of Harada in his decision to issue the warrant. That he relied on Harada’s statements, not on the informant’s as to the information in the application.
“Judge Vasecka made it clear also that the critical basis for his issuance of the writ was the oral conversations with Harada at the time Harada applied. Admittedly, this conversation was oral, not under oath, and had not been reduced to writing and made a part of the original application. Thompson v. Onstad (1979) 182 M 119: State ex rel Townsend (1975), 168 Mont 357.
“The application does not (other than allegation of Defendant’s personal use) establish that the crime charged has been committed or is being committed. We have only the unsubstantiated statement that there is a large quantity of marijuana in Defendant’s car . . .”
Under our state constitution, Article II, Section 11, it is prescribed that no warrant to search any place or thing shall issue “without probable cause, supported by oath or affirmation reduced to writing.”
Judge Ettien followed the constitution in determining that the in *7 formation on which Judge Vasecka relied to issue the warrant had not been reduced to writing. Therefore the warrant was invalid.
All the esoteric discussion in the majority opinion respecting the decision in Illinois v. Gates, supra, Jones v. United States, et al, has no bearing on this case. It is a simple matter that the justice of the peace did not rely on the four corners of the application, but instead depended on unsworn information from the constable to issue the warrant for search. Judge Ettien was correct in his decision. I would affirm.
MR. JUSTICE HUNT concurs with the foregoing dissent.