No. 88-296

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

STATE OF MONTANA,

        Appellant,

  vs.

KEVIN DEAN WALSTON,

        Respondent.

APPEAL FROM: District Court of the Nineteenth Judicial District,
In and for the County of Lincoln,
Th Honorable Robert S. Keller, Judge presiding

COUNSEL OF RECORD:

    For Appellant:

        Marc Racicot, Attorney General, Helena, Montana
        Joe R. Roberts, Asst. Attorney General, Helena, Montana
        Susan Loehn, County Attorney, Libby, Montana
        Scott B. Spencer, Deputy, Libby, Montana

    For Respondent:

        David W. Harman, Libby, Montana

Submitted on Briefs: Dec. 16, 1989

Decided: February 23, 1989

Filed:

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

The State appeals an order by the Nineteenth Judicial District Court, Lincoln County, suppressing physical evidence obtained pursuant to a search, under warrant, of the defendant's home and automobile. The District Court held that the affidavit supporting the application for the search warrant failed to establish probable cause. We reverse.

The following issue is raised on appeal:

1. Did the District Court improperly suppress evidence obtained under a search warrant:

a) which was supported by probable cause; and

b) which was relied upon, in good faith, by law enforcement officers?

On December 11, 1987, Donald Bernall, a detective with the Lincoln County Sheriff's Office, applied for a search warrant authorizing the search of defendant's residence at #6 Taylor Road outside Libby, Montana, and of his 1975 white Ford Mustang. Bernall applied for this search warrant after a confidential informant stated he had legally been in defendant's residence at least twice in the past five months, and that while there, he had observed marijuana plants growing within the residence and marijuana in processed form at various locations throughout the residence. Bernall also stated, based upon his professional training and experience, that such a marijuana growing operation is "highly likely to stay in one location for long periods of time and not be quickly or often moved." Additionally, the informant stated he had "recently heard" defendant admit to growing marijuana within his residence and to selling marijuana within the Libby city limits. This confidential informant had

2

previously provided information to Detective Bernall which had proven true.

According to the affidavit, defendant owned only one operable automobile specifically described as a 1975 white Ford two-door Mustang, VIN 5R032156098, with a license plate number 56-30505. Defendant's residence was also described with particular detail as a white trailer with aqua-blue trim, with an "add-on" and a "large quantity of firewood stacked on the front porch," located in the Berget trailer park on Parmenter Hill.

After considering all these facts set forth by affidavit, the justice of the peace issued a search warrant on December 11, 1987. The warrant authorized the search of defendant's residence and operable automobile for marijuana, sale documentation, drug paraphernalia, and any other "fruits of the crime." Law enforcement officers subsequently stopped defendant and searched his automobile. The search disclosed a bag of marijuana in the glove compartment, a pair of forceps and a marijuana pipe. A subsequent search of defendant's residence revealed marijuana plants, various items used to grow marijuana and another marijuana pipe and pair of forceps.

On December 14, 1987, defendant was charged by complaint with the felony offense of criminal possession of marijuana with intent to sell (Count I) and the misdemeanor offenses of criminal possession of dangerous drugs (Count II) and criminal possession of drug paraphernalia (Count III). An information was filed in District Court on January 4, 1988.

Defendant pled not guilty during his arraignment on January 11, 1988. He subsequently filed a motion, to

suppress all evidence taken from his automobile and residence pursuant to the search warrant, which he alleged was unsupported by probable cause. Following a hearing on the motion on May 24, 1988, the District Court held that the affidavit offered in support of the search warrant application did not contain facts establishing probable cause for issuance of the warrant. Consequently, the court ordered all evidence seized from defendant's automobile and residence suppressed. The State appeals from this order.

The Fourth Amendment to the United States Constitution and Article II, Section 11 of the Montana State Constitution both protect a person's right to be free from unlawful searches and seizures by requiring the existence of probable cause prior to the issuance of a search warrant. An impartial magistrate must determine the existence of such probable cause solely from the evidence in "the four corners of the search warrant application." State v. O'Neill (1984), 208 Mont. 386, 393, 679 P.2d 760, 763-64. The evidence sufficient to establish probable cause, however, is significantly less than that required for a conviction. Applicants need only illustrate the probability of criminal activity, not a prima facie showing of criminal activity. State v. Crain (Mont. 1986), 725 P.2d 209, 210, 43 St.Rep. 1628, 1629.

To determine whether a probability of criminal activity exists meriting a search warrant, a magistrate must employ a "totality of the circumstances" analysis. This analysis requires an issuing magistrate to:

> [M]ake a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay

4

> information, there is a fair probability
> that contraband or evidence of a crime
> will be found in a particular place.

Illinois v. Gates (1983), 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548. The totality-of-the-circumstances analysis, used to determine the existence of probable cause, expanded upon the previous "two-pronged" analysis and effectively broadened the circumstances under which a search warrant would issue. The "two-pronged" test had required an affidavit to reveal: (1) the basis of the informant's knowledge (i.e., "the particular means by which he came by the information given in his report"); and (2) some of the underlying circumstances indicating either the veracity of the affiant's informant or the reliability of the informant's report. Gates, 462 U.S. at 228-29; see also Spinelli v. United States (1969), 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637; Aguilar v. Texas (1964), 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723.

The facts in Gates would not have satisfied this "two-pronged" test, as the detective's application for a search warrant was based upon an anonymous letter accusing the defendant of selling drugs and detailing an intended future drug purchase. Gates, 462 U.S. at 225. The anonymous letter did not disclose how the informant came by the information, and the anonymity of the letter prevented detectives from ascertaining the veracity of the informant. However, the United States Supreme Court held that the totality of the circumstances alleged in the affidavit, which included the facts contained in the anonymous letter as well as the findings of a subsequent investigation verifying many of the facts stated by the informant, justified the issuing

5

magistrate's conclusion that a probability of criminal activity existed.

The information relayed by the confidential informant in the present case, unlike that in the Gates case, indicated the probability of criminal activity and evidence in the defendant's house and car under both the more stringent former "two-pronged" analysis as well as the current totality-of-the-circumstances analysis. The informant stated that the basis for his knowledge, that marijuana and drug paraphernalia were present in defendant's house, came from his own personal observations on at least two different occasions within the five months prior to his conversation with Detective Bernall. The informant also recently had heard defendant state he was growing marijuana within the house and that he was selling marijuana within the Libby city limits. The informant stated that the defendant owned only one operable automobile, which was described in detail. This fact could correctly lead the issuing magistrate to conclude that the marijuana reportedly grown in the house and sold in Libby would be transported via this car.

The facts also indicated the veracity of the informant. Detective Bernall objectively stated that he personally knew the informant and that the informant had provided information in the past which had proved true. We thus hold that the District Court erred in holding that no facts existed indicating the veracity of the informant and in concluding that no probable cause existed. We have previously held that information of a criminal activity known from observation by a previously reliable informant, such as we have in the present case, is sufficient to establish the probability of criminal activity without outside investigation and

6

verification of the reported information.  See, e.g., State v. Hendrickson (1985), 217 Mont. 1, 701 P.2d 1368.

We also hold that the related information was not so stale as to negate the magistrate's determination of probable cause.  The informant stated that he had "recently" heard defendant state he was growing marijuana in his house and selling marijuana in Libby.  The word "recently" connotes a period of time relatively near the disclosure of information and a time distinctly different than the observations made on two other occasions during the prior five months.

Moreover, this Court has previously noted that a determination of staleness in any given case depends largely on the nature of the property and activity in issue.  State v. Pease (Mont. 1986), 724 P.2d 153, 43 St.Rep. 1417.  As stated in Pease:

> The observation of a half-smoked marijuana cigarette in an ashtray at a cocktail party may well be stale the day after the cleaning lady has been in; the observation of the burial of a corpse in a cellar may well not be stale three decades later.  The hare and the tortoise do not disappear at the same rate of speed.

Pease, 724 P.2d at 160, quoting from Andresen v. State (Md.App. 1975), 331 A.2d 78, aff'd sub. nom. Andresen v. Maryland (1976), 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627. Likewise, if the criminal activity is continuing in nature, a greater amount of time may elapse between the observation of the activity and the application for a search warrant without negating probable cause.  The facts in this case indicate just such a continuing criminal activity.  The confidential informant had seen marijuana growing in defendant's home on two separate occasions within the five months prior to the

search warrant application and the defendant had recently admitted that he was still growing marijuana. Bernall's statement that a marijuana growing operation is "highly likely to stay in one location for long periods of time" provides a further indication of the continuing nature of the reported crimes. Given the continuing nature of the criminal activity in this case, we hold that information of the "recent" growth and sale of marijuana, together with information of the same activity twice within the prior five months, was not too remote in time to indicate the probability of continuing criminal activity at the time the magistrate issued the search warrant.

We admonish law enforcement officers, however, to state with specificity the time the informant learned such information to prevent the future suppression of evidence for lack of probable cause due to staleness. We do recognize that on occasion, as in the present case, an officer may deliberately obscure the specific time to protect the identity of a confidential informant's identity.

The totality of the facts presented by Detective Bernall's affidavit provided a substantial basis for the issuing magistrate's determination that probable cause existed meriting a search warrant. The District Court thus erred in suppressing evidence obtained under the search warrant. As this Court previously has stated, a reviewing court may only determine whether the issuing magistrate had a substantial basis for determining that probable cause existed, keeping in mind that a magistrate's "determination of probable cause should be paid great deference by reviewing courts." O'Neill, 679 P.2d at 765, quoting from Spinelli, 393 U.S. 410.

8

Having found that the search warrant was supported by probable cause, we need not discuss the applicability of the good faith exception to this case. The suppression order of the District Court is reversed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Mr. Justice William E. Hunt, Sr., dissenting.

I dissent. The affidavit in this case lacks the evidence to support a finding of probable cause to search either the defendant's car or his residence.

In order to find probable cause, the facts set out in the affidavit must be closely related to the time of the issuance of the warrant. Sgro v. United States (1932), 287 U.S. 206, 210, 53 S.Ct. 138, 140, 77 L.Ed. 260, 263. In other words, the affidavit must be based on current facts, those that indicate that a law is being violated at the time the warrant is issued. State ex rel. Townsend v. Dist. Court (1974), 168 Mont. 357, 362, 543 P.2d 193, 196. Facts alleging criminal activity that occurred five months prior to the application for a warrant are simply too remote to justify a determination of probable cause.

The affidavit in question states that a confidential informant, while in the defendant's home, observed marijuana plants and marijuana in processed form "at least two (2) times in the past five months." The logical assumption stemming from this allegation is that at least one of these observations occurred five months prior to the application, otherwise there would be no need to use that particular timeframe. There is no indication when the other observation took place. Perhaps it occurred five months prior to the application, perhaps four and one-half months, perhaps three weeks. The language of the affidavit serves only to obscure the applicable time, making it impossible to determine when the informant actually saw the evidence of criminal activity, thereby making it impossible to establish probable cause.

Apparently, the majority feels that any defects in the remoteness of the observations are cured by the claim that the informant "recently" heard the defendant state that he

was growing marijuana. Once again, the terminology merely serves to conceal the date on which the statement was made. "Recent" is a relevant term. "[W]hat is recent to one person is not recent to another. Whereas the word 'recent' may be months in some situations, it may be a much shorter period of time elsewhere." State v. O'Brien (Ariz.Ct.App. 1974), 528 P.2d 176, 178, review denied, (Ariz. 1975), 537 P.2d 28. All I can really surmise from the use of the word "recent" is that the defendant's admission probably did not take place more than five months before the warrant issued.

The majority further attempts to justify probable cause by relying on the continuing nature of the crime. Indeed, it is arguable that cultivating marijuana is an endeavor that often continues for a period of time. However, the nature of the crime cannot overcome the problems created by the vague assertions of time contained in this affidavit. All I know for certain from this affidavit is that an informant sighted marijuana at the defendant's residence five months prior to the application for a warrant. Without more concrete proof that the defendant continued to engage in criminal activity, I am unwilling to rely on the nature of the crime to cure this affidavit's deficiencies.

Furthermore, there is no reference whatsoever to the date on which the informant heard the defendant state that he was selling marijuana within the Libby city limits. We have previously held that an affidavit that omits any reference to time is void. Townsend, 168 Mont. at 362, 543 P.2d at 196. So too should we refuse to enforce the warrant authorizing the search of the defendant's car when the only information linking the car to the transportation of marijuana is an undated allegation that the defendant admitted he was selling within the city limits.

The majority voices concern over the protection of confidential informants. Protection of informants, however, should not take precedence over the right of the people to be free from unreasonable searches and seizures. Other steps, such as independent investigation on the part of the authorities, can be taken to protect informants. Independent investigation also establishes corroborating evidence to bolster a determination of probable cause.

The majority opinion legitimizes warrants issued on loose, vague references to time. The Fourth Amendment demands a more exacting factual basis than is presented in the present case.

I would affirm the suppression order of the District Court.

_____
                Justice


Mr. Justice John C. Sheehy:

I concur in the foregoing dissent of Mr. Justice Hunt.


_____
                Justice