JUSTICE WEBER
dissents as follows:
I dissent from the conclusion of the maj ority which holds that when the officers in this case stopped Anderson’s vehicle, the officers did not have objective data and did not meet the particularized suspicion standard required by State v. Gopher (1981), 193 Mont. 189, 631 P.2d *517 293. Police are authorized to stop a vehicle when they have a particularized or reasonable suspicion that criminal activity may be afoot. This is the controlling rule as clearly stated in State v. Sharp (1985), 217 Mont. 40, 702 P.2d 959:
The defendant alleges that Officer Williams was without authority to stop the defendant’s vehicle because he lacked probable cause to do so. This contention is erroneous. All that is required of an officer in making an investigatory stop is that he have a “particularized” or “reasonable” suspicion that criminal activity may be afoot. This is the applicable standard for an investigative stop of a vehicle; or in other words “some basis from which the court can determine that the detention was not arbitrary or harassing.” State v. Gopher (Mont. 1981), 631 P.2d 293, 295, 38 St.Rep. 1078, 1081, relying on United States v. Cortez (1981), 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621.
Sharp, 217 Mont. at 45, 702 P.2d at 962.
As pointed out in the majority opinion, on October 8, 1991, the Lincoln County Sheriff’s Department received a tip that defendant and another individual were leaving Libby, Montana, and driving to Washington to retrieve a large quantity of marijuana. That informant told Officer Bernall that defendant and his fellow passenger would be traveling in defendant’s blue Toyota pickup and would be returning to Montana in the late night of October 8, 1991. We emphasize that here the police had a particularized suspicion based upon the tip of a previously accurate confidential informant. We have held that information supplied by a previously accurate informant is sufficient to establish the probability of criminal activity. State v. Walston (1989), 236 Mont. 218, 223, 768 P.2d 1387, 1390.
In Sharp this Court concluded that Officer Williams did have sufficient basis for his particularized suspicion, stating:
Here, Officer Williams had a sufficient basis for his particularized suspicion of illegal activity. A citizen had just called the police to report a possible DUI offense and had given the police dispatcher the car’s license plate number and description and the direction of travel. These facts were corroborated when Officer Williams found the described vehicle going in the direction and on the highway reported by the telephone caller. When Williams came upon the automobile, it was stopped halfway off the roadway and began to pull away when he approached. Officer Williams noticed skid marks coming from the vehicle. He had right at that time, based *518 on reasonable suspicion and logical inference, to stop the defendant’s vehicle to investigate a possible crime. (Emphasis added.)
Sharp, 217 Mont. at 45-46, 702 P.2d at 962. In Sharp an anonymous informant had called to report a possible DUI, giving a description of the car’s license plate number, automobile description and direction of travel. Sharp concluded those facts were corroborated when the officer found the described vehicle going in the direction and on the highway reported by the caller. In our case, we have directly comparable facts, but facts which are somewhat stronger as a basis for an investigatory stop than in Sharp. Here the initial tip was by the previously accurate confidential informant who advised that the defendant and another individual were going to be driving into Libby, Montana in the late night of October 8, and that they would be traveling in the defendant’s blue Toyota pickup. A significant portion of these facts was corroborated when the officers observed the defendant’s blue Toyota pickup, whose license number they verified, returning to Montana on the late night of October 8, as described by the informant. These facts are directly comparable to Sharp plus the additional corroboration of a tip by a previously accurate confidential informant.
Following the confirmation of the defendant’s vehicle going in the right direction, on the highway, and at the time of day described by the informant, I conclude that the officers had properly obtained sufficient corroboration so they had a particularized and reasonable suspicion that criminal activity may have been afoot, entitling them to make an investigatory stop. The majority refers to Sharp and suggests that this case is to be distinguished because there was nothing to suggest that the defendant’s vehicle here suggested illegal activity. I do not find any such indication of illegal activity in Sharp. The majority refers to State v. Valley (1992), 252 Mont. 489, 830 P.2d 1255, for the proposition that a simple “drive by” of the premises is not observation probative of illegal activity. That analysis is not applicable here. The informant in Valley was an anonymous citizen informant, the police did not have a way of knowing whether the information was correct without specific corroboration which was not obtainable in a drive by situation. The present case should be distinguished from Valley because we have the previously accurate confidential informant.
I suggest that police corroboration of the exact make, model and color of car, going in the specified direction at the specified time was *519 enough to constitute a “particularized suspicion” when presented by a previously accurate confidential informant.
I would therefore affirm the District Court.
CHIEF JUSTICE TURNAGE concurs in the foregoing dissent.