Opinion issued May 26, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS. 01-08-00828-CR; 01-08-01015-CR;
01-08-01016-CR

———————————

Rio Shareese Jones, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 405th Judicial District Court 

Galveston County, Texas



Trial Court Case No. 07CR3567; 07CR3568; 07CR3569

 



 

OPINION
DISSENTING FROM

THE DENIAL
OF EN BANC CONSIDERATION

 

          The relatively
easy issue presented to the en banc court in this case is whether the use of
the vague word “recently,” without any reference to a specific time frame, in an
affidavit made in support of a search warrant is sufficient to establish probable
cause that the evidence to be searched for is, at the time the warrant is
issued, located in the place to be searched. 
The panel majority’s affirmative, and erroneous, answer to this straightforward
question will come as a surprise to experienced law-enforcement officers and
magistrates, who, familiar with the well-established law, recognize the need for
such specific time frames to establish probable cause for a search.  More important, the panel majority’s opinion is
in conflict with our fundamental constitutional and statutory protections
against searches made without probable cause, and it stands in stark contrast
to the well-established precedent of the United States Supreme Court and the
Texas Court of Criminal Appeals.  

Revealing the weakness of its
reasoning, the panel majority, in its previous opinion, conceded that it did “not
wish to express any sense of approval of the routine omission [from affidavits
made in support of search warrants] of the specificity of the time at which
[an] informant learn[s] of probable cause to conduct a search.”  See
Jones v. State, Nos. 01-08-00828-CR, 01-08-01015-CR, and 01-08-01016-CR
(Tex. App.—Houston [1st Dist.] Jan. 31, 2011), withdrawn and substituted opinion at Jones v. State, Nos. 01-08-00828-CR, 01-08-01015-CR, and
01-08-01016-CR , 2011 WL 1448147 (Tex. App.—Houston [1st Dist.] Apr. 14, 2011,
no pet. h.).  Although the panel
majority, upon rehearing, has withdrawn this concession from its current
opinion, the fact remains that, in affirming the trial court’s judgment, the
panel majority is, by fiat, expressly approving of the omission of specific
time frames from search-warrant affidavits.  The panel majority still admits that “the
failure to include specific dates and times of relevant events described in [the
search-warrant] affidavit in this case is
not a model demonstration.”  Jones v. State, Nos. 01-08-00828-CR,
01-08-01015-CR, and 01-08-01016-CR (Tex. App.—Houston [1st Dist.] Apr. 14,
2011, no pet. h.) (emphasis added). 
However, given that the panel majority’s opinion constitutes binding
precedent on this Court, the panel majority’s new, much lower standard will necessarily
be followed.  It will only serve to
confuse, and not clarify, the law. And it will lead law-enforcement officers
and trial courts into committing more serious errors that will eventually have
to be corrected.  

If allowed to stand as binding precedent,
the panel majority’s opinion will effectively eliminate the requirement that an
affidavit made in support of a search warrant contain a specific time frame to
corroborate the existence of evidence at the place to be searched at the time
the warrant is issued.  Thus, it would
undermine the meaning of “probable cause” and render article 18.01(c)(3) of the
Texas Code of Criminal Procedure meaningless. 
Accordingly, I respectfully dissent from the denial of en banc
reconsideration of this case.  See Tex.
R. App. P. 41.2(c).

 

The Affidavit

The facts pertinent to the motion
to suppress evidence of appellant, Rio Shareese Jones, are found in the “Affidavit
for Search Warrant,” in which a Texas City Police Officer testified, in
pertinent part, as follows:

While
assigned to the Texas City Police Special Crimes Unit Affiant recently received information from a
confidential informant in reference to crack cocaine being sold out of the
residence located at 219 North Pine Road.

 

After obtaining the information
about 219 North Pine Road Affiant began a narcotics investigation.  Officer C. Alcocer recalled being contacted
by Dickinson Police Officer M. Henson, in reference to information about 219
North Pine Road.  Officer Alcocer stated
to Affiant that Officer Henson had information from a confidential informant
about the selling of crack cocaine at 219 North Pine Road.  Officer Alcocer contacted Officer Henson and
arranged a meeting with the confidential informant, hereafter referred to as
the “source.”  After the meeting members of the Texas City Police Department
Special Crimes Unit elected to enlist the assistance of the source to assist in
the narcotic investigation at the suspect location, 219 North Pine Road. . . .

 

Affiant
arranged to make narcotics buy from the suspect location, 219 North Pine Road,
with the assistance of the source. . . .

 

Upon
the source’s arrival at the suspect location the source was observed
approaching the 219 North Pine Road, and walking onto the front porch and into
the front door of the residence.  The
source remained inside the residence for approximately 2 minutes, and was then
seen exiting the residence and leaving the area. . . .

 

Based
on the information provided to Affiant by the source and other confidential
informants, and my own independent investigation, Affiant believes that a violation of the Texas Controlled Substances Act is
currently taking place at 219 North
Pine Road, Texas City, Galveston County, Texas. . . .

 

(Emphasis added.) 


As can be readily observed, and as
conceded by the panel majority, the officer did not reference any specific
dates and times in regard to the relevant events that he described in his
affidavit.  Importantly, the officer did
not state the time that the informant had learned that narcotics were being
sold out of the residence.  Nor did the
officer state the time that the informant had made the controlled buy of
narcotics at the residence.  In fact, each
of the officer’s other references to time relate back to his initial reference
that he had “recently received information.” 
And from this vague time reference, the officer stated his conclusory belief that narcotics were “currently”
at the residence.  Thus, from within the
four corners of the affidavit, it is simply not possible to ascertain the
specific time that narcotics were last observed to be at the residence other
than at some indefinite point in time after the officer had “recently received
information” and some indefinite point in time before the magistrate issued the
search warrant.    

Probable Cause

In his first point of error,
appellant argues that the trial court erred in denying his motion to suppress
evidence because, among other reasons, the above affidavit, made in support of
the search warrant in question, “is silent as to when [the informant’s]
controlled buy, the linchpin for probable cause, took place.”  He further argues that “[b]ecause the
magistrate could not ‘read into the document material information that does not
otherwise appear on its face,’ the affidavit was fatally defective and could
not have provided the magistrate with a substantial basis that probable cause
existed to issue the warrant.”  

The United States Constitution
guarantees the right to be secure from unreasonable searches and seizures, and
it provides that “no Warrants shall issue, but upon probable cause, supported
by Oath or affirmation, and particularly describing the place to be searched,
and the persons or things to be seized.” 
U.S. Const. amend. IV.  The Texas Constitution makes the same guarantee,
and also provides that no warrant shall issue “without probable cause,
supported by oath or affirmation.”  Tex. Const. art. I, § 9.  Accordingly, in determining the existence of
probable cause to search an identified location, a court looks only within “the
four corners of the affidavit” made in support of a search warrant.  Massey
v. State, 933 S.W.2d 141, 148 (Tex. Crim. App. 1996).

Probable cause to search for
contraband or evidence exists only when “there is a fair probability that
contraband or evidence of a crime will be
found in a particular place.”  Illinois v. Gates, 462 U.S. 213, 238,
103 S. Ct. 2317, 2332 (1983) (emphasis added). 
As recent as 2006, the United States Supreme Court explained that “the
probable-cause requirement looks to whether evidence will be found when the search is conducted . . .
.”  United
States v. Grubbs, 547 U.S. 90, 95, 126 S. Ct. 1494, 1499 (2006) (emphasis
in original).  By statute, Texas provides
that a search warrant may not be issued unless a sworn affidavit “sets forth sufficient facts to establish probable
cause: (1) that a specific offense has been committed, (2) that the
specifically described property or items that are to be searched for or seized
constitute evidence of that offense or evidence that a particular person
committed that offense, and (3) that the property or items constituting
evidence to be searched for or seized are
located at or on the particular person, place or thing to be
searched.”  Tex. Code Crim. Proc. Ann. art. 18.01(c) (Vernon Supp. 2010)
(emphasis added).  

Thus, it is axiomatic that to
support the issuance of a search warrant, the information in an affidavit made
in support of the warrant must “give[] a
time frame that . . . corroborate[s] the existence of [contraband or
evidence] on the premises [to be searched] when
the warrant [is] requested.”  Davis v. State, 202 S.W.3d 149, 155
(Tex. Crim. App. 2006) (emphasis added). 
Why?  An affidavit that omits such
“a specific time” frame necessarily cannot establish probable cause to conduct
a search because a “magistrate would have had no reasonable basis to infer”
that any events referred to in the affidavit “occurred at a time that would
substantiate a reasonable belief that the object of the search was on the
premises to be searched at the time the warrant was issued.”  Id.  Nevertheless, in contradiction of well-established
constitutional law and the sound reasoning of Davis, the trial court below concluded that the officer’s affidavit
testimony, as quoted above, established probable cause to justify the issuance
of the search warrant in this case.

The panel majority, in its opinion
prior to rehearing, admitted that the term “recently,” as used by the officer
in his affidavit, is “vague.”  And, although
the panel majority continues to acknowledge that the term “recently” can be
“problematic in some cases,” it, like the trial court below, still concludes
that the “temporal references within the affidavit allowed the magistrate to
determine there was a substantial basis for concluding that a search would
uncover evidence of wrongdoing.”  It,
thus, erroneously holds that “the affidavit provided the magistrate with a
substantial basis for concluding that a search would uncover evidence of
wrongdoing” upon the execution of the search warrant.  

In its original opinion, the panel
majority, in support of its holding, relied not upon United States Supreme
Court or Texas Court of Criminal Appeals authority, but rather the out-of-state
cases of State v. Walston, 768 P.2d
1387, 1390 (Mont. 1989); Commonwealth v.
Jones, 668 A.2d 114, 118 (Pa. 1995); and Huff v. Commonwealth, 194 S.E.2d 690, 695–96 (Va. 1973).  Although the panel majority has now moved its
references to these opinions to a footnote, the fact remains that each of the
affidavits in these out-of-state cases in fact included some other reference to
a specific time frame from which the time necessary to establish probable cause
could be reasonably inferred.  See Walston,
768 P.2d at 1388 (“past five months”); Jones,
668 A.2d at 118 (“past two months”); Huff,
194 S.E.2d at 695 (“weeks”).  Thus, the
reasoning of these opinions does not support the panel majority’s significant
departure from United States Supreme Court and Texas Court of Criminal Appeals
precedent. 

In support of its assertion that there are several “temporal
references” in the officer’s affidavit that supported probable cause for the issuance
of the search warrant, the panel majority emphasizes that the officer stated that
(1) he had “recently” received information from a confidential informant, (2)
“[a]fter that meeting,” he “began a narcotics investigation,” and (3) the
investigation “culminated in the controlled buy forming the basis for probable
cause, which was described as occurring ‘after’ [the officer had] ‘recently’
met with the first confidential informant.” 
Although the panel majority relies upon these “temporal references” in
support of its holding, the bottom line is that the only “temporal reference”
with any significant meaning is the officer’s use of the vague term “recently.”


I do agree with the panel majority’s previous
characterization of the term “recently” as “vague.”  However, the use of the term “recently,” without any reference whatsoever to a
specific time frame, is not sufficient to support probable cause in a
search-warrant affidavit.  “Recent”
is defined as “having happened, begun, or been done not long ago or not long
before; belonging to a past period of time, comparatively close to the present.”  New
Oxford American Dictionary 1421 (2001). 
Because the term “recently” is by definition imprecise and not specific,
it is not possible, without more specific information, to, from its use,
ascertain insight as to specifically when pertinent events took place.  “Recent” could mean a few minutes ago, a few
hours ago, a few days ago, a few weeks ago, a few months ago, or even a few years
ago.  However, the law requires that an
affidavit made in support of a search warrant provide, with sufficient
specificity, facts that would allow a magistrate to determine that contraband
or evidence will, in fair probability, be present when the warrant is
requested.  Grubbs, 547 U.S. at 95, 126 S. Ct. at 1499; Davis, 202 S.W.2d at 155; Tex.
Code Crim. Proc. Ann. art. 18.01(a) (Vernon Supp. 2010).  Here, from the four corners of the officer’s affidavit,
the time at which the events purportedly giving rise to probable cause actually
occurred cannot be ascertained; rather, one is left to “guess, hope, and
surmise” that the events occurred at a time sufficient to establish probable
cause.  See Lowery v. State, 98 S.W.3d 398, 402 (Tex. App.—Amarillo 2003,
no pet.).  In other words, “It is
apparent that the magistrate could not ascertain the closeness of time
sufficient to issue the warrant based on an independent judgment of probable
cause.”  Schmidt v. State, 659 S.W.2d 420, 421 (Tex. Crim. App. 1983)
(quoting Heredia v. State, 468 S.W.2d
833, 835 (Tex. Crim. App. 1971)).

It is important to note that the time
relevant to establishing probable cause is the time when an informant acquired the
pertinent information, not the time when the informant conveyed the information
to a police officer.[1]  Flores
v. State, 827 S.W.2d 416, 419 (Tex. App.—Corpus Christi 1992, pet. ref’d); see also Schmidt, 659 S.W.2d at 421
(affidavit failed to state when affiant received information from another and
when the other obtained information); Sherlock
v. State, 632 S.W.2d 604, 608 (Tex. Crim. App. 1982) (affidavit failed to
convey “any definite idea as to when the alleged incident took place”).  An affidavit that fails to state when the affiant received pertinent
information from an informant, when the informant obtained the information, or
when the described conduct took place is, as a matter of law, insufficient to
support the issuance of a search warrant.  Serrano v. State, 123 S.W.3d 53, 61 (Tex. App.—Austin 2003, pet. ref’d) (citing Schmidt, 659 S.W.2d at 421; Peltier v.
State, 626 S.W.2d 30, 32
(Tex. Crim. App. 1981); Heredia,
468 S.W.2d at 835)); see also State v. Davila, 169 S.W.3d 735, 739 (Tex.
App.—Austin 2005, no pet.) (affidavit insufficient when it omitted time that tip
was received and there was no point of reference for informant’s claim that
narcotics were being possessed).  

Finally, the panel majority asserts that, here, the officer’s affidavit “adequately
suggested a continuing criminal operation” and “indicated that the information
from the two informants and [his] field test was closely related in time to [his]
request for the issuance of the warrant.”  It argues that the officer’s statement of his conclusory belief that an
offense was “currently taking place,” in conjunction with his use of the term
“recently,” supports the trial court’s finding of probable cause to support
issuance of the search warrant.  The Austin Court of Appeals considered a similar issue in State v. Jordan, in which a police
officer, in his probable cause affidavit stated, “I have good reason to believe
that heretofore, on or about the 6th day of June, 2008” the defendant did
commit the offense of driving while intoxicated.  315 S.W.3d 660, 663 (Tex.
App.—Austin 2010, pet. granted).  As
explained by the court, such a statement of a police officer’s belief and conclusion that a crime has been committed does not
give a magistrate a substantial basis for determining the existence of probable
cause.  Id. (citing Gates, 462
U.S. at 239, 103 S. Ct. at 2317).  Thus,
the court concluded that the officer’s affidavit did not state, as a matter of
fact, that an offense took place on June 6, and it could not be reasonably
inferred that an offense had occurred on June 6 from the mere fact that the
warrant was requested on that date.  Id.  (citing Schmidt,
659 S.W.2d at 421).  As noted by the
Austin Court of Appeals, the affiant in Schmidt,
a police officer, stated his “belief,” based upon information received from
another, that a suspect possessed cocaine on a certain date.  659 S.W.2d at 421.  However, because the affidavit failed to
state when the events described therein “took place,” the Texas Court of Criminal
Appeals held the affidavit inadequate to support probable cause.  Id.  Here, likewise, the police officer’s statement of his belief that an offense was “currently
taking place” does not constitute a statement of fact, but is merely a
conclusory statement that did not support probable cause.  See id.

In contrast, the affiant in Sutton
v. State clearly testified, as a statement of fact, that “narcotic drugs
are now concealed by” the
defendant.  419 S.W.2d 857, 860 (Tex.
Crim. App. 1967) (emphasis added).  
Placing great emphasis on the officer’s “statement ‘that said narcotic
drugs are [n]ow concealed by [the defendant],’” the court held that the use of
the word “recently” with the “other references to time,” including the reference
to “[n]ow,” was “sufficiently definite and current to warrant the
conclusion that the act or event relied upon as a basis for probable cause
occurred within a reasonable time before the making of the affidavit, and
authorized the magistrate to issue the search warrant.”  Id.
at 860–61 (emphasis added).  Critically,
the affiant in Sutton also clearly testified
to the fact that the informant had “recently” told the affiant that the defendant
and co-defendant, in the present tense, “are
living at [the location to be searched] and that they have a large quantity of marihuana in their possession at this
location. The informant has been to these living quarters and has seen the marihuana recently.”  Id.
at 861 (emphasis added).  

Here, again in stark contrast, the officer in his affidavit made no
reference as to when the informant had learned that narcotics were being sold
at the residence or when the informant made the controlled buy and, thereby,
had last observed the presence of narcotics at the residence.  Unlike the affiant in Sutton, the officer here used the term “recently” only to describe
when he had “received information,” and each of his other time references
relate back to this initial, “vague” reference. 
There is no present-tense reference to appellant being at the residence
and having narcotics in his possession at the time the affidavit was sworn to
by the officer.  From within
the four corners of the affidavit presented here, it is simply not possible to
ascertain the time that narcotics were last observed to be at the residence
other than at some indefinite point in time after the officer had “recently
received information” and some indefinite point in time, not long before, the
magistrate issued the search warrant.  Thus, to the extent that the State and the panel
majority rely upon Sutton to support
their arguments, their reliance is not only problematic because Sutton was decided in 1967 prior to Gates, Grubbs and Davis, but
their reliance is very much misplaced because the reasoning of Sutton, based upon its contrasting
facts, actually undermines their arguments.  
           

Conclusion

In his Motion for Reconsideration
En Banc, appellant argues that en banc review of the panel majority’s decision is
necessary because the panel majority’s opinion “sanctions a search spawned by
an affidavit that failed to provide the magistrate with a substantial basis to
find that probable cause existed,” and, in doing so, it “considerably weaken[s]
the Fourth Amendment protections against unreasonable governmental intrusions
into constitutionally safeguarded areas of our lives.”  Indeed, as noted above, the panel majority
itself seems to acknowledge how far afield it has gone, stating that “the
failure to include specific dates and times of relevant events described in
[the search-warrant] affidavit in this case is
not a model demonstration.” 
(Emphasis added.)  This of course
begs the question: if it
sufficiently established probable cause to support the issuance of the search
warrant, i.e., if it passed muster under the United States and Texas
Constitutions, the Texas Code of Criminal Procedure, and the case law, why should it not, as the panel majority
admitted in its prior opinion, serve as a model to be followed?    

The bottom line is that the panel majority
opinion cannot be reconciled with the well-established precedent of the United
States Supreme Court and the Texas Court of Criminal Appeals as cited above.  Indeed, although the panel majority has taken
great pains to bolster its arguments on rehearing, it seems readily apparent
that it is trying to fit a square peg into a round hole.  As implicitly suggested in its current
opinion, and even more so in its prior opinion, the panel majority’s reasoning
represents a significant departure from the most basic and fundamental legal
principles concerning what is necessary to establish probable cause for the
issuance of a search warrant.  Accordingly,
the panel majority’s error in upholding the search-warrant affidavit in this
case is of such importance to the jurisprudence of the State of Texas that it
should be corrected.  See Tex.
Gov’t Code Ann. § 22.001(a)(6) (Vernon 2004).   

 

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

A
majority of the justices of the Court voted to overrule the motion for
reconsideration en banc.

 

Justices
Jennings, Higley, and Sharp dissent from the denial of the motion for
reconsideration en banc.

 

Justices
Higley and Sharp join Justice Jennings’s opinion dissenting from the denial of
reconsideration en banc.

 

Publish.  Tex. R. App. P. 47.2(b).

 











[1]
          The Texas Court of Criminal
Appeals has recently opined that a magistrate may infer when an informant
actually saw a defendant with contraband at a specific location from language
in an affidavit stating the specific time the informant communicated the information
to the affiant.  State v. Mclain, No. PD–0946–10, 2011 WL 1376724, at *1 (Tex. Crim.
App. Apr. 13, 2011) (magistrate could infer that informant saw defendant with
contraband within 72 hours of signing of search warrant affidavit in which
affiant testified, “In the past 72 hours, a confidential informant advised the
Affiant that [defendant] was seen in possession of a large amount of
methamphetamine at his residence and business”).