JUSTICE McDONOUGH,
dissenting:
The application for the search warrant of the defendant’s home was not sufficient to establish probable cause. The pertinent'parts of such application are as follows:
“On 7-6-88 this office received an anonymous phone call from a subject who had some information concerning a KATHY RYDBERG, who lives at 1004 Sunhaven Trailer Court, Laurel, Montana, who has involvement in dealing, buying and selling of drugs. The subject who called in since then has become a confidential informant. The Cl stated that RYBERG [sic] was involved with several people who are into drugs. Of these people, two names were brought up. One is a WALTER FOSTER, who lives at 1515 E. Main Street Laurel, Montana. The other is a DEBBIE HICKS, who lives on 224 South 32nd street, Billings, Montana.
“Both of these subjects have previously been charged with criminal possession of ‘dangerous drugs. Hicks was convicted on the charges of selling dangerous drugs. Foster’s charge was dismissed. According to the Cl, Foster sold Rydberg some cocaine approx; one gram, a month ago.
“Foster also was called in on a crimestoppers tip on March 3 1988. The informant said that a Walter Foster who lives at 1515 E. Main, in Laurel, Montana, was dealing and selling' drugs. This is a different informat [sic] entirely. According to the Cl, that is working with this department Rydberg has been seen at Debbie Hicks residence several times, also according to the Cl, who called in again on 7-25-88 to say that at the Rydberg residence there was some drugs again, that was seen by the CI. Also Foster has been at the Rydberg house *75 recently. Foster was observed at the Rydberg residence at around 10:00 PM on July 28, 1988. Foster was driving a cream colored 4 door Ford.
“On August 7, 1988 the same Cl, called this office again, with some more information, concerning Rydberg. After talking to the Cl, I was informed that in the house was crank and possibly some cocaine, and other drugs.
“This information that was received from the Cl, is based upon the Cl being in the residence, from time to time, and seeing the drugs, and the paraphenalia [sic].”
It is to be noted from examining the wording of the application that the only person who for sure connects the defendant in any way to possible criminal behavior or incriminating items, is the confidential informant. It is confusing whether the anonymous informant who called in on July 6, 1988, is the same or a different confidential informant who is referred to later.
Therefore, the applicant for the search warrant, a detective, has as his only connection to the defendant, the hearsay evidence of the confidential informant. There is nothing in the affidavit which would inform the magistrate that such hearsay was reliable or that the officer thought the informant was credible. The information and statements given by the informant are vague and not in any way explicit, and do not lend themselves to be able to be checked as to their veracity.
We.have adopted the totality of the circumstances test (see State v. Sundberg (Mont. 1988), [235 Mont. 115,] 765 P.2d 736, 45 St.Rep. 2235) adopted in Illinois v. Gates (1983), 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527, which was discussed therein as follows:
“For all these reasons, we conclude that it is wiser to abandon the ‘two-pronged test’ established by our decisions in Aguilar and Spinelli. In its place we reaffirm the totality-of-the-circumstances analysis that traditionally has informed probable-cause determinations. See Jones v. United States, [362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697], supra; United States v. Ventresca, 380 U.S. 102 [85 S.Ct. 741, 13 L.Ed. 2d 684] (1965); Brinegar v. United States, 338 U.S. 160 [69 S.Ct. 1302, 93 L.Ed. 1979] (1949). The task of the issuing magistrate is simply to make a practical, common-sense decision Whether, given all the circumstances set forth in the affidavit before him, including the ‘veracity’ and ‘basis of knowledge’ of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And *76 the duty of a reviewing court is simply to ensure that the magistrate had a ‘substantial basis for . . . concluding]’ that probable cause existed. Jones v. United States, 362 U.S. at 271 [80 S.Ct. at 736]. We are convinced that this flexible, easily applied standard will better achieve the accommodation of public and private interests that the Fourth Amendment requires than does the approach that has developed from Aguilar and Spinelli.”
Gates, 462 U.S. at 238-39, 103 S.Ct. at 2332.
Looking at this application a magistrate would ask common sense questions which by asking the questions point out the deficiency of the application:
“Can the confidential informant be believed? and
“Why isn’t he/she more specific about dates, times, places, itemization, description of the house, etc., and therefore
“Was he/she actually in the house, and
“Can his/her information be corroborated?”
Without further facts under the circumstances here, there is no basis to believe that probable cause exists for issuance of the warrant. I would reverse the District Court and suppress the evidence. I further concur in the following dissent of JUSTICE WILLIAM E. HUNT, SR.