NO.   94-038

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

      Plaintiff and Respondent,

  -vs-

JUSTIN ROBERT WILSON,

      **Defendant and Appellant.**

FILED

AUG 11 1994

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the First Judicial District,
                  In and for the County of Broadwater,
                  The Honorable Jeffrey Sherlock, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Steven J. Shapiro, Attorney at Law,
          **Clancy,** Montana

      For Respondent:

          Hon. Joseph P. Mazurek, Attorney General,
          Pamela P. Collins, Assistant Attorney General,
          Helena, Montana

          John T. Flynn, Broadwater County Attorney,
          Townsend, Montana

                    Submitted on Briefs:   June 30, 1994

                           Decided:   August 11, 1994

Filed:

_____
              Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Justin Robert Wilson (Wilson) appeals from an order of the First Judicial District Court, Broadwater County, which determined that the justice of the peace had a substantial basis to conclude that probable cause existed to issue a search warrant for Wilson's truck. We reverse.

On the night of April 2, 1993, or early morning of April 3, 1993, the A & W restaurant in Townsend, Montana, was burglarized. When the Broadwater County sheriff arrived at the scene he discovered that a safe and microwave oven were missing. Even though a large window was broken, the sheriff found black marks on the vinyl floor and concrete around the doorway which suggested that the safe was wheeled through the doorway. That **door** was locked the night before by the manager. The sheriff deduced that the person who took the safe must have had a key to the door. The sheriff also noticed tire tracks on the pavement at the A & W.

The manager of the A & W told the sheriff that only four people had keys to the door of the A & W--one of whom was Wilson, an employee. She also told the sheriff that Wilson knew the combination to the safe that was stolen.

Later in the morning of April 3, 1993, a person discovered a safe in the water near the Indian Creek Campground. The sheriff, a deputy and the Broadwater County justice of the peace travelled out to the Indian Creek Campground to investigate. When the three men arrived at the campground, they noticed tire tracks similar to

2

those found at the A & W and footprints leading to and from the water.  They walked over to the water and found the safe that belonged to the A & W.  The safe door was open and no visible signs of forcible entry were apparent.  The sheriff deduced that a person who knew the combination must have opened the safe.  The sheriff knew that Wilson was aware of the safe's combination.  The sheriff discussed the safe and the investigation with the justice of the peace at that time.

On April 4, 1993, while Wilson was working at the A & W, an undersheriff took pictures of Wilson's truck, the tires, and the bed.  The undersheriff noticed scratch marks on the bed of Wilson's truck.  The undersheriff also noticed a twisted bolt and **bracket in** the bed of Wilson's truck.  The undersheriff did not know the significance of the bolt but seized it anyway and showed it to the A **& W's** owner the next day.  The owner identified the bolt **and** bracket as the bolt which secured the safe to the floor of the A & W.

On April 5, 1993, the sheriff applied to the justice of the peace for a search warrant to search Wilson's truck.  The justice of the peace granted the search warrant and the sheriff executed the warrant.  The sheriff seized a number of one dollar bills stashed in the glove compartment, a blue poncho and paint scrapings from the bed of the truck.  Wilson subsequently was arrested.

On October 6, 1993, Wilson filed a motion to suppress the twisted bolt and bracket claiming the undersheriff illegally seized the **bolt and bracket from his truck.**  Wilson argued that without

the illegally seized twisted bolt and bracket, there was no probable cause to support the issuance of a search warrant. Wilson also argued that the evidence was tainted since the justice of the peace was at the scene when the sheriff recovered the safe and, specifically, since the sheriff discussed the safe and the investigation with the justice of the peace at that time.

The District Court granted Wilson's motion to suppress, but determined that, even without the bolt and bracket, the search warrant application was sufficient to support the existence of probable cause. Wilson then changed his plea to guilty under North Carolina v. **Alford (1970),** 400 U.S. 25, 91 S.Ct. 160, 27 **L.Ed.2d** 162. Wilson reserved the right to appeal the District Court's order pertaining to the search warrant and reserved the right to withdraw his guilty plea. The District Court then sentenced Wilson to three years on conditions of probation. Wilson appeals and we restate the issue:

If a justice of the peace travels with a sheriff to recover evidence of a crime and discusses the evidence and the investigation with the sheriff, can that justice of the peace subsequently issue a search warrant in that case?

Ordinarily, we review whether the issuing magistrate had a substantial basis to conclude that probable cause to issue a search warrant existed. State v. **Sunberg (1988),** 235 Mont. 115, 122, 765 **P.2d** 736, 741. However, when, as here, the issuing magistrate is actively involved in the police investigation, we review whether the magistrate correctly issued the search warrant. **See** State ex

4

rel. Townsend v. Dist. Court, Fourth Judicial Dist. (1975), 168 Mont. 357, 363, 543 P.2d 193, 195.

Montana law requires that "[a]n impartial magistrate must determine the existence of . . . probable cause solely from the evidence in 'the four corners of the search warrant application."' State v. Walston (1989), 236 Mont. 218, 221, 768 P.2d 1387, 1389. The magistrate must be impartial "to ensure that some neutral and detached evaluation is interposed between those who investigate crime and the ordinary citizen." Townsend, 543 P.2d at 195. In Townsend, we stressed the importance of a neutral and detached magistrate by quoting the United States Supreme Court:

> The point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.

Townsend, 543 P.2d at 195; quoting Johnson v. United States (1948), 333 U.S. 10, 13-14, 68 S.Ct. 367, 369, 92 L.Ed. 436, 440.

Here, once the justice of the peace travelled to the campground to investigate the missing safe, he became a part of the investigation and his impartiality ceased. Once he crossed the line and became a member of the investigatory team, he could not make a neutral and detached evaluation of the evidence. He could no longer protect Wilson's right to be free from searches not based on probable cause. Not only was the justice of the peace's judgment clouded by personally observing the scene where the safe was found and the safe itself, but the sheriff also discussed the

5

investigation with the justice of the peace at that time.  We hold, as a matter of law, that once the justice of the peace became an active participant in the police investigation, he was no longer an impartial magistrate and, therefore, he could not issue a search warrant.  We also hold that the search warrant was invalid and, as such, Wilson's truck was illegally searched and the evidence from that search must be suppressed.

Reversed and remanded.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

August 11, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Steven J. Shapiro } *picked up a copy personally*
Attorney at Law
P. O. Box 169
Clancy, MT 59634

John T. Flynn
Broadwater County Attorney
County Courthouse
Townsend, MT 59644

Hon. Joseph P. Mazurek
Attorney General
Justice Building
Helena, MT 59620

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *A. Gallagher*
Deputy